DE LEÓN ET AL., PETICIONARIOS Y APELADOS, *v.* BRUSI, JUEZ MUNICIPAL, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Arecibo en un recurso sobre *certiorari*.

No. 1223.—Resuelto en mayo 18, 1915.

INJUNCTION—ORDEN DIRIGIDA AL MÁRSHAL—JURISDICCIÓN.—Un juez no pierde su jurisdicción porque se expida una orden de *injunction* contra el márshal.

ID.—SENTENCIA REVOCANDO LA ORDEN APELADA—FIANZA DEFECTUOSA.—Una sentencia dictada en apelación en un recurso sobre *injunction* revocando la orden apelada por ser defectuosa la fianza que se había prestado, produce el efecto de anular el mandamiento que en virtud de dicha orden se expidiera.

ID.—CERTIORARI.—DESOBEDIENCIA A UNA ORDEN DE INJUNCTION—REMEDIO RÁPIDO, ADECUADO Y EFICAZ.—Cuando se desobedece una orden de *injunction* está facultado el juez que la decretó para arrestar a la persona culpable de tal violación, imponerle multa, y para hacer inmediata restitución a la persona perjudicada. Siendo éste un remedio rápido, adecuado y eficaz no es procedente el auto de *certiorari*.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. R. Agrait Aldea y José Martínez Dávila.*

Abogados de los apelados: *Sres. Rafael López Landrón y J. Gregori.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

En juicio de desahucio seguido por Eulogia Colón contra Jesús de León Rosa en el tribunal municipal de Arecibo recayó sentencia declarando con lugar el desahucio y se dictó también orden para el lanzamiento del demandado.

Cuando el márshal iba a cumplir dicho lanzamiento, Jesús de León Rosa y su esposa obtuvieron del Tribunal de Distrito de Arecibo un mandamiento de *injunction* ordenando a dicho márshal que se abstuviera de ejecutar acto alguno de lanzamiento en el mencionado juicio de desahucio hasta tanto recayera otra orden posterior y contraria en el caso.

Así quedaron las cosas hasta que meses después, en 5 de agosto de 1914 y a solicitud de Eulogia Colón, acompañada de una certificación librada por el Secretario del Tribunal de Distrito de Arecibo con referencia a la sentencia dictada por este Tribunal Supremo en 30 de julio anterior resolviendo la apelación que se había establecido contra la mencionada orden de *injunction* que paralizó el cumplimiento de la sentencia de desahucio, el juez municipal dictó una orden para que el secretario expidiera un nuevo mandamiento de lanzamiento para llevar a efecto el desahucio decretado, fundándose en que había sido revocada por el Tribunal Supremo la orden de *injunction* que tenía suspendida la ejecución de la sentencia y en que había expirado con exceso el término fijado por la ley para su ejecución. Esa orden se llevó a cumplimiento y el día 7 de agosto comparecieron Jesús de León Rosa y su esposa María de León Casanovas en el tribunal de distrito con una petición de *certiorari* contra Don Alberto Brusi, Juez Municipal de Arecibo, interesando que se anulara esa resolución. Librado el auto y requeridas las diligencias presentó su contestación escrita dicho juez y, después de celebrada la vista, el juez de distrito dictó resolución anulando la orden de 5 de agosto de 1914 dictada por el juez

municipal. y ordenando que los cónyuges peticionarios fueran repuestos en la posesión y tenencia de la finca objeto del desahucio, reponiendo así las cosas al estado que tenían cuando, se dictó la orden anulada.

La apelación que contra esa resolución interpuso el juez municipal demandado Don Alberto Brusi, es la que motiva el presente recurso.

No podemos convenir con el juez del tribunal de distrito en que la orden que anuló fué dictada sin tener jurisdicción el juez municipal. El tenía jurisdicción sobre la materia y sobre las personas que eran partes en el desahucio y su jurisdicción no estaba en suspenso porque la orden de *injunction* no fué dirigida contra él, ni le fué notificada, pues sólo se dirigió y notificó al márshal y a Eulogia Colón. Por consiguiente esa orden no era nula.

Además, cuando el Juez Municipal de Arecibo dictó su resolución de 5 de agosto, dándose por enterado de la orden de *injunction,* la fundó en que el Tribunal Supremo había revocado tal prohibición según certificación que se le presentó librada por el Secretario del Tribunal de Distrito de Arecibo. Así era en efecto.

Según puede verse en el caso de *León* v. *Colón,* 21 D. P. R., 273, al resolver la apelación que Eulogia Colón estableció contra la orden decretando la prohibición de ejecutar la sentencia de desahucio que obtuvo contra Jesús de León, llegamos a la conclusión de que el *injunction* era procedente pero que habiéndose decretado para ser ejecutado previa prestación de una fianza por la suma de mil pesos, la que con este objeto se prestó era defectuosa por lo que debíamos revocar la orden apelada y dictar otra dejando sin efecto el mandamiento de *injunction*. expedido con permiso a los peticionarios para presentar una nueva solicitud. En verdad, nuestra resolución en ese caso produjo el efecto de anular la orden de *injunction* o a lo menos el mandamiento que en virtud de

ella se expidió y como para que pudiera cumplirse el *injunction* se exigía la prestación de una fianza y ésta fué mal constituída, es claro que la prohibición de cumplir la sentencia de desahucio quedó desde ese momento sin valor alguno, aunque concedimos permiso a los peticionarios para presentar una nueva solicitud.

Como consecuencia de esto, mientras·utilizando ese permiso no se presentara de nuevo la petición de *injunction* y se prestara una fianza válida no podía producir el anterior mandamiento el efecto de suspender la ejecución de la sentencia, por lo que Eulogia Colón estuvo justificada al pedir nuevamente el lanzamiento, el juez municipal al decretarlo y el márshal al darle cumplimiento, sin que fuera necesario esperar otra orden del tribunal de distrito, como se expresó en la orden de *injunction,* porque un tribunal superior al de Distrito de Arecibo ya había revocado la orden de *injunction* o sea de suspensión del cumplimiento de la sentencia de desahucio.

Por otra parte, cuando se desobedece una orden de *injunction* está facultado el juez que lo decretó para arrestar a la persona culpable del tal violación, imponerle multa y para hacer inmediata restitución a la persona perjudicada. Siendo este remedio concedido por la ley rápido, adecuado y eficaz no era procedente el auto de *certiorari.*

Por las razones expuestas debemos declarar con lugar el recurso, revocar la orden apelada y dictar en su lugar otra anulando la orden de *certiorari.*

> *Revocada la resolución apelada, anulándose el mandamiento de* certiorari *que se hubiere expedido.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.