SÁNCHEZ ET AL., PETICIONARIOS, *v.* CUEVAS ZEQUEIRA, JUEZ DE DISTRITO, DEMANDADO, Y COFFINET ET AL., INTERVENTORES.

SOLICITUD para que se expida un mandamiento de *certiorari* al Juez de la Corte de Distrito de Humacao en una causa sobre *injunction*.

No. 151.—Resuelto en julio 24, 1915.

CERTIORARI—REMEDIO ADECUADO, RÁPIDO Y EFICAZ—RECURSO ORDINARIO.—Se ha decidido repetidas veces por los tribunales del Continente y por esta Corte Suprema, que siendo, como es, el *certiorari* un recurso extraordinario, no cabe ejercitarlo cuando existe otro adecuado, rápido y eficaz en el curso ordinario de la ley.

ID.—APELACIÓN—RECURSO DE APELACIÓN PENDIENTE.—El recurso ordinario debe ser adecuado, rápido y eficaz y el hecho de que no sólo exista el recurso ordinario de apelación, sino que además dicho recurso se haya ejercitado y aparezca pendiente, no impide la expedición del auto de *certiorari* de una manera absoluta, pues si el tribunal se convence de que los fines de la justicia requieren que haga uso de su jurisdicción, puede expedir el auto y revisar los procedimientos.

INJUNCTION—DILACIÓN INJUSTIFICADA EN LA ADMINISTRACIÓN DE JUSTICIA—CERTIORARI.—Cuando se trata de una demanda de *injunction* por virtud de la cual ciertas personas que estaban en la posesión de plantaciones de cañas dulces de su propiedad, en menos de quince días, sin oírseles, son echadas fuera y sustituídas en la posesión y gobierno de las plantaciones por otras,

cuatro meses de espera en la tramitación de un recurso de apelación, cuando el tribunal tiene a su alcance medios bastantes para inmediatamente decidir la cuestión envuelta, constituye una dilación injustificada en la administración de la justicia.

ID.—REFACCIÓN AGRÍCOLA Y MOLIENDA DE CAÑAS.—Limitándose la ley sobre contratos de refacción agrícola y molienda de cañas a prescribir que puede pedirse el cumplimiento específico del contrato por medio de *injunction,* tal remedio debe tramitarse de acuerdo con la ley que en general los regula en Puerto Rico: Leyes de 1906, págs. 81 a 85.

APRECIACIÓN DE LAS PRUEBAS—EXAMEN DE LAS PRUEBAS—DELEGACIÓN DE ESTAS FUNCIONES EN EL MÁRSHAL.—Ni en la ley creando el cargo de márshal de distrito, de 1904, ni en ninguna otra ley vigente en Puerto Rico, ni en la jurisprudencia de los tribunales sobre la materia, existe precepto alguno por virtud del cual un juez de distrito puede delegar en el márshal su facultad de examinar y apreciar las pruebas, y adoptar las medidas necesarias con arreglo al resultado de dicha apreciación. Aunque es cierto que en algunos casos puede un márshal ejercer funciones en cierto modo judiciales, por regla general los poderes y deberes de dicho funcionario son de naturaleza ministerial.

Los hechos están expresados en la opinión.

Abogados de los peticionarios: *Sres. C. Travecier y Arturo Aponte, Jr.*

Abogado de los interventores: *Sr. Herminio Díaz.*

El demandado no compareció.

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

El presente es un recurso de *certiorari* interpuesto por Francisco Sánchez y su esposa Mercedes Pagán, a los efectos de obtener la revisión de ciertos procedimientos seguidos en un pleito sobre *injuntion* tramitado en la Corte de Distrito de Humacao.

Expedido el mandamiento, se elevaron los autos originales en el indicado pleito, a saber: "Corte de Distrito de Humacao. No. 3957. *Barones, Augusto y Constantino Goffinet* v. *Don Francisco Sánchez y su esposa doña Mercedes Pagán,* sobre *injuntion.*" Examinados dichos autos, resulta: Que en la dicha Corte de Distrito de Humacao se archivó la demanda fechada el 19 de junio de 1915, alegando, en resumen, que los demandados habían celebrado con los demandantes cierto contrato de refacción agrícola por virtud del cual se comprometieron a cultivar determinado número de cuerdas de cañas

dulces, y que no obstante tal compromiso y a pesar de haber cumplido los demandantes por su parte todas sus obligaciones, los demandados habían abandonado sus trabajos de cultivo y de sostenimiento de las cañas plantadas ascendentes a unas doscientas ochenta cuerdas, hasta tal punto, que si las cosas continuaban de tal modo, las cañas se perderían por completo. En la demanda se alega finalmente que la conducta de los demandados causa a los demandantes perjuicios calificados por la ley de nueve de marzo de 1911, de irreparables. A la demanda se acompañó el contrato original de refacción, haciéndolo parte de la misma. Esto no obstante, dicho contrato se desglosó sin dejar copia de los autos, a instancias de los demandantes. La demanda no tiene nota de presentación.

El 21 de junio, o sea tres días después de la fecha de la demanda, la corte de distrito, sin oir a los demandados, dictó una orden que copiada a la letra, en lo pertinente, dice así:

"Vista la solicitud de *injunction* de los demandantes en esta acción Barons August y Constant Goffinet contra Francisco Sánchez Rodríguez y su esposa Mercedes Pagán interesando una orden de *injunction* de acuerdo con lo que dispone la ley de 9 de marzo de 1911 enmendando la ley titulada 'Ley sobre contratos de refacción agrícola y molienda de cañas y para otros fines,' aprobada en 9 de marzo de 1910, para que los dichos demandados se abstengan de disponer o vender las cañas en pie que tienen los referidos demandados en terrenos de las fincas de los señores Valdés en el pueblo de San Lorenzo como no sea de acuerdo con lo convenido en el contrato de refacción agrícola celebrado entre los señores demandantes y los demandados en esta acción, registrado en el Registro de la Propiedad de Caguas el día 5 de febrero de 1914 y para que procedan inmediatamente a continuar los demandados en el cultivo de las ya dichas cañas de acuerdo asimismo con dicho contrato, requerido en caso de no querer hacerlo, se les aperciba de desacato y de sustituir a los demandantes en dicho cultivo, si así no lo hiciesen sin demora alguna.

"Apareciendo satisfactoriamente probado por la demanda jurada que se presenta solicitando el auto de *injunction* y por el contrato registrado que viene adosado a dicha demanda, que la solicitud se ajusta a las prescripciones de la ley;

"POR TANTO, se ordena a los demandados en este caso Francisco Sánchez Rodríguez y Mercedes Pagán que se abstengan de disponer o vender las cañas en pie que tienen en la finca de los señores Valdés y que se describen en el contrato predicho registrado en el Registro de la Propiedad de Caguas en 5 de febrero de 1914, como no sea de acuerdo con lo que dispone el ya citado contrato, y que procedan inmediatamente a continuar su cultivo, apercibido de desacato y de sustituir a dichos demandados en dicho cultivo, si así no lo hicieren sin demora alguna, debiendo los demandantes prestar una fianza de un mil dollars, a favor de los demandados en esta acción, para responderle de los daños y perjuicios que pudiera irrogársele con motivo de esta orden de *injunction*."

El 22 de junio se prestó una fianza por mil pesos y el 23 de junio el marshal notificó a los demandados lo ordenado por el juez.

El 23 de junio los demandados impugnaron la fianza. El 26 de junio los demandantes reconociendo que la fianza era defectuosa, la sustituyeron por otra suscrita y jurada el 25 de junio, y la corte, el 30 de junio, a instancias de los demandantes, dejó sin efecto el señalamiento hecho para decidir sobre la validez de la primitiva fianza, y ratificó su orden de 21 de junio de 1915.

Así las cosas, los demandantes, el 1 de julio de 1915, presentaron una moción a la corte que no aparece notificada a la parte contraria, pidiéndole que dictara una nueva orden ampliatoria en el sentido de que si el marshal encontrase las cañas en el estado de abandono especificado en la moción, procediera inmediatamente a notificar a los demandados así como a los demandantes que desde la hora de la notificación los últimos se hacían cargo del cultivo de las cañas.

La corte, sin oir a la parte demandada, el mismo día 1 de julio de 1915, dictó una orden que copiada a la letra, en lo pertinente, dice así:

"Vista la anterior moción jurada, la corte ordena, que como ampliación de la dictada en el día de ayer, se libre nuevo mandamiento al márshal, en el sentido de que, si al cumplir el que le fué entregado en el día de ayer, encontrase que el señor Sánchez Rodríguez, de-

mandado, no ha procedido al cultivo de las cañas, a que la demanda se refiere y a que se refiere la referida orden, están en condiciones por la falta de cultivo, y que probablemente se perderán sin ese cultivo en breve tiempo, proceda a notificarles a dicho señor Sánchez Rodríguez y a su esposa, así como a los demandantes representados por su apoderado, señor Prudencio Wittman, que desde la hora de la notificación, estos últimos se harán cargo del cultivo de las cañas comprendidas en la demanda, dando cuenta a esta corte de los trabajos que dicha corporación haga mensualmente, y de las cantidades que mensualmente emplee en dichos cultivos.''

Dicha orden fué diligenciada por el marshal el 2 de julio en la siguiente forma:

''CERTIFICO: que en virtud de esta orden el día primero de julio de 1915 me trasladé a la jurisdicción de San Lorenzo y después de haber recorrido la plantación de cañas de los esposos Sánchez Rodríguez y haber encontrado que el dicho Sr. Francisco Sánchez no había procedido al cultivo de las cañas a que la demanda se refería y que mucha parte de ella estaba cubierta por la yerba, procedía notificar a don Francisco Sánchez Rodríguez y a Mercedes Pagán (su esposa) que desde aquel momento los demandantes Sres. Barons August y Constant Goffinet se harían cargo del cultivo de las cañas comprendidas en la demanda, dando cuenta a la Corte de Distrito de Humacao de los gastos mensuales que haga la corporación demandante. Entregué copia de las órdenes a los demandados personalmente.''

Los demandantes en el pleito sobre *injunction* intervinieron en este recurso de *certiorari* y alegaron que debía desestimarse por constar de los mismos autos en el repetido pleito de *injunction* que los peticionarios en el *certiorari* y demandados en el *injunction* habían apelado para ante este Tribunal Supremo de las órdenes de 21 y 30 de junio y 1 de julio de 1915 arriba transcritas.

Así es en efecto, pero los peticionarios han alegado que bajo las circunstancias que concurren, el recurso de apelación no resulta adecuado y eficaz para la defensa de su derecho.

Se ha decidido repetidas veces por los tribunales del Continente y por esta misma Corte Suprema, que siendo como es

el *certiorari* un recurso extraordinario, no cabe ejercitarlo cuando existe otro rápido, adecuado y eficaz en el curso ordinario de la ley. No basta, pues, que exista un recurso ordinario, sino que debe ser dicho recurso adecuado y eficaz para la defensa del derecho que se reclama.

El hecho de que no sólo exista, como en verdad existe en este caso, un recurso ordinario de apelación contra las órdenes de 21 y 30 de junio último y 1 de julio actual, sino que además dicho recurso se haya ejercitado y aparezca pendiente, no impide la expedición del auto de *certiorari* de una manera absoluta. Si el tribunal se convence de que los fines de la justicia requieren que haga uso de su jurisdicción, puede, a nuestro juicio, expedir el auto y revisar los procedimientos.

Dentro de algunos días esta corte entrará en su término regular de vacaciones que comprende tres meses. Suponiendo que durante las vacaciones pudiera ultimarse la tramitación del recurso de apelación, la vista del mismo se señalaría para el mes de noviembre y la sentencia se dictaría probablemente en noviembre o diciembre. De suerte que de no decidirse ahora la cuestión suscitada, su resolución tardará, por lo menos, cuatro meses. Si se tratara del cobro de una suma de dinero, de la reivindicación de una finca, etc., la circunstancia de la dilación de la sentencia por algunos meses, no podría servir de base para alterar los medios regulares de ejercitar los ciudadanos sus derechos de acuerdo con la ley. Pero se trata de una demanda de *injunction* por virtud de la cual ciertas personas que estaban en la posesión de plantaciones de cañas dulces de su propiedad, en menos de quince días, sin oírseles, son echadas fuera y sustituídas en la posesión y gobierno de las plantaciones por otras personas, y en tal caso cuatro meses de espera constituyen una dilación injustificada en la administración de la justicia, cuando el tribunal tiene a su alcance medios bastantes para decidir inmediatamente la cuestión envuelta.

La ley invocada por el demandante en el pleito sobre *injunction* y aplicada por el juez de distrito, está contenida

en las leyes de 1911, p. 195. Es la sección 19 de la Ley sobre contratos de refacción agrícola y molienda de cañas de 1910, tal como quedó enmendada en 1911, y dice así:

"En caso de incumplimiento de un contrato para la molienda de cañas o para la entrega de la misma, la parte perjudicada por dicho incumplimiento podrá obligar al cumplimiento específico del contrato, por medio de un *injunction*, por lo que hace a la cosecha en pie y al cultivo en desarrollo al tiempo de la violación del contrato; *Entendiéndose*, Que el remedio de cumplimiento específico o de *injunction* no será concedido en relación con los cultivos que no estén entonces en desarrollo, respecto a lo cual se deja a la parte perjudicada por el incumplimiento su acción legal por daños.'

Los peticionarios suscitan una interesante cuestión relativa a si esa ley es aplicable o nó a este caso concreto. No creemos oportuno resolverla por ahora y partiremos de la base de que cabe solicitar un *injunction* para obligar al cumplimiento específico del contrato celebrado por las partes en este caso, limitando nuestro examen a los procedimientos seguidos por la corte.

A nuestro juicio dichos procedimientos son tan contrarios a la idea fundamental de la justicia que requiere que se dé a toda persona una oportunidad para defender su derecho, antes de que pueda privársele del mismo; que deben ser revisados y anulados en su totalidad por esta Corte Suprema.

La ley de contratos agrícolas se limita a prescribir que puede pedirse el cumplimiento específico del contrato por medio del *injunction*. Tal *injunction* es natural que se tramite de acuerdo con la ley que en general los regula en Puerto Rico. Leyes de 1906, págs. 81 a 85.

En el presente caso no se trataba de un *injunction* preliminar, sino de un *injunction* que en sí era todo un pleito, y el pleito fué en verdad decidido totalmente sin audiencia de la parte demandada. Pero es más, se suscitó una cuestión de hecho que debía establecerse mediante prueba y el juez delegó el examen y la apreciación de esa prueba en el márshal,

y el funcionario encargado de ejecutar las órdenes de la corte, quedó convertido en el verdadero juez de la misma.

Ni en la ley creando el cargo de márshal de distrito, de 1904, ni en ninguna otra ley vigente en Puerto Rico, ni en la jurisprudencia de los tribunales sobre la materia, encontramos que pueda apoyarse el procedimiento del juez.

Dice Cyc, resumiendo la jurisprudencia, que los poderes y deberes de un márshal son ordinariamente de naturaleza ministerial, aunque puede algunas veces ejercer funciones judiciales y examinar pruebas y formar sus juicios que han de ser la base de sus actos y conducta y de los actos y conducta de otros. (Véase 35 Cyc. 1527). En Puerto Rico tuvimos un caso en que los márshals ejercían funciones judiciales, el de las tercerías que se suscitaban en la ejecución de las sentencias, procedimiento que fué luego abolido por la Legislatura. También sucede que los márshals suelen tener ciertos poderes especiales tales como la conservación de la paz y el arresto de delincuentes, la custodia y control de delincuentes, etc., que requieren la investigación por ellos mismos, de ciertos hechos y la adopción de medidas después de haber juzgado las circunstancias que concurran. Pero en ninguna parte de la ley vigente, ni en ninguno de los casos que hemos podido examinar, hemos encontrado nada en apoyo de que el juez pueda delegar en el márshal sus facultades de apreciar las pruebas, comisionándole además para que por virtud del resultado de su apreciación adopte la medida que estime procedente.

Por virtud de todo lo expuesto, deben anularse las órdenes de 21 y 30 de junio y de 1 de julio de 1915, dictadas por la Corte de Distrito de Humacao en el indicado pleito No. 3957, devolviéndose éste a la dicha corte de distrito para que continúe tramitándolo de acuerdo con los principios establecidos en esta opinión.

*Con lugar la solicitud y anuladas las órdenes*
*de 21 y 30 de junio y 1 de julio, 1915.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.