GORDILS, PETICIONARIO, *v.* LA CORTE DE DISTRITO DE ARECIBO,
DEMANDADA.

SOLICITUD para que se expida un auto de *certiorari* dirigido
a la Corte de Distrito de Arecibo, Hon. Enrique Llo-
reda, Juez.

No. 396.—Resuelto en marzo 8, 1923.

*Certiorari—Transcript—*PRUEBA NO INCLUÍDA.—Cuando se desee revisar la ac-
tuación de la corte inferior al negarse a admitir un documento, debe in-
cluirse en la petición una copia de tal documento para que el Tribunal Su-
premo pueda juzgar sobre su pertinencia o esencialidad.

ID.—ID.—Siendo dudoso que el recurso de *certiorari* sea adecuado para obtener
la incorporación de prueba no admitida y existiendo otros remedios para
conseguir dicho objeto, el auto debe negarse.

Los hechos están expresados en la opinión.

Abogado del peticionario: *Sr. L. Llorens.*

Abogado de la parte contraria: *Sr. F. Santoni.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tri-
bunal.

Esta fué una petición interesando un auto de *certiorari,*
en la cual se alegaba la negativa de la corte inferior a ad-
mitir como prueba una carta, la cual el peticionario, que fué
el demandante en la corte inferior, afirmó que era prueba
tendente a demostrar la existencia del contrato que se des-
cribe en la demanda. El demandante hizo numerosos es-
fuerzos para que la carta fuera admitida como prueba, y fi-
nalmente presentó una moción de suspensión del juicio con
el fin de poder probar la autenticidad de dicha carta. La
moción de suspensión fué denegada. Acompañando a esta
moción de suspensión, como exhibit y parte de dicha mo-
ción estaba la carta excluída. La corte dictó sentencia a
favor del demandado.

Al llegar el momento de la aprobación del récord taqui-
gráfico, según relata la petición, el peticionario hizo varios
esfuerzos para que la carta que había sido excluída en
el juicio fuera incluída en el récord taquigráfico. La corte,
según aparece, se negó a admitir la carta aunque la moción

de suspensión la cual se refería a dicha carta fué copiada. Tenemos el récord taquigráfico ante nosotros a virtud de la orden en que se certifican los procedimientos para su envío a esta corte.

Podemos, de paso, decir que cuando se desee revisar la actuación de la corte inferior al negarse a admitir un documento, debe incluirse en la petición una copia de tal documento para que de ser importante podamos juzgar sobre su pertinencia o esencialidad.

El recurrido o más bien el demandado en la corte inferior, como la parte realmente. interesada impugnó el *certiorari* por el fundamento de que la manera de revisar la actuación de la corte al denegar la admisión de la carta, era por virtud del artículo 64 de nuestras Reglas; que habíamos aplicado esta regla por analogía, al caso de prueba que ha sido omitida. *Lizarribar* v. *Rossy,* 18 D. P. R. 483, citando los artículos 218 y 219 del Código de Enjuiciamiento Civil. Además el demandado invocó la jurisprudencia de esta corte en la cual resolvimos que el auto de *certiorari* no debe ser expedido para incorporar prueba.

En un auto de certiorari en que se anulan procedimientos, es sumamente dudoso si podríamos hacer algo para incorporar pruebas, *Arguelles* v. *Rossy,* 19 D. P. R. 1054; *Lizarribar* v. *Rossy,* 18 D. P. R. 483, y si podemos, debemos ejercitar nuestra discreción para negar el auto toda vez que la parte tiene otros remedios. Uno es tal vez por medio del artículo 64 de nuestras reglas o mediante alguna otra moción hecha oportunamente para que la exposición del caso sea devuelta con el objeto de reformarla. Una petición como ésta hecha en el mismo caso en apelación quizás sería el mejor modo de probar la necesidad de tal reforma.

Debe anularse el auto sin perjuicio del derecho del peticionario para solicitar algún otro remedio en el caso mismo en apelación.

*Anulado el auto expedido.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey, Hutchison y Franco Soto.