CARMEN MELÉNDEZ REYES, representada por su apoderado MANUEL MARCHÁN, demandante y apelante, *v.* CORTE MUNICIPAL DE VEGA BAJA, HON. A. F. BRUNO, JUEZ, demandada y apelada y PABLO EGUIA (demandante en la acción principal), demandado y apelado.

No. 5247.—*Sometido:* Abril 7, 1930. *Resuelto:* Mayo 7, 1930.

*Manuel Marchán,* apoderado de la apelante, compareció oponiéndose por escrito; *V. M. Fernández,* abogado del apelado Pablo Eguia.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

En este caso hay una moción de desestimación basada en que no tenemos jurisdicción sobre el caso en apelación, y en que ésta es frívola.

Ante la corte municipal de Vega Baja se siguió un caso en desahucio, siendo el demandante Pablo Eguia, y la de-

mandada Carmen Meléndez, a quien representó su apoderado Manuel Marchán. En el litigio la demandada contestó, negó los hechos esenciales, alegó ser dueña de la finca, y tener radicada una demanda sobre inexistencia de contrato, y oposición a información posesoria. La corte municipal dictó sentencia declarando con lugar la demanda, en fecha 9 de abril de 1929. El 26 de los mismos mes y año, la demandada acudió a la corte pidiendo reconsideración de la sentencia, que le fué denegada. Y en 25 de septiembre de 1929, presentó ante la Corte de Distrito de San Juan una petición de *certiorari*, alegando esos hechos, y que la corte inferior había cometido varios errores, por existir conflicto de título, ser insuficiente la prueba del demandante, y aparecer de un expediente posesorio que Pablo Eguia había manifestado que adquirió la finca por venta con pacto de retro; y que la acción entablada era ilegal; y ser nula la sentencia por no describirse en ella la finca objeto de la acción; y que es nula la resolución de la corte en cuanto a la moción de reconsideración. Alegó asimismo que la corte dictó orden de lanzamiento de la peticionaria, y tal orden fué ejecutada por el márshal en 23 de septiembre de 1929. Y en la misma fecha, presentó moción para que se le declarara insolvente, y litigar en ese concepto.

Pablo Eguia formuló excepción y oposición al *certiorari*, alegando que por medio de tal procedimiento se intentaba la revisión de cuestiones de hecho y de prueba, y que el medio sería la apelación; y que la petición no tiene finalidad práctica ya que se trata de una sentencia firme y ejecutada.

La corte de distrito de San Juan dictó su sentencia en 8 de octubre de 1929, declarando sin lugar la petición de *certiorari*, y anulando el auto original. En la opinión que se une a la sentencia la corte dice que en este caso la peticionaria intenta que se revise la evidencia que ya apreció el juez inferior, y ése no es el fin legal del *certiorari;* que la parte tuvo el derecho de apelar, y no lo hizo; y que cuando

se pidió el auto de *certiorari,* ya la sentencia se había ejecutado.

Apeló la peticionaria. Y ahora la parte apelada nos pide que desestimemos el recurso, porque la apelación se radicó el 2 de enero de 1930 y la transcripción el 28 de febrero siguiente; y por ser frívola la apelación. A la moción se opuso la apelante.

En pocos casos se puede percibir más claramente la frivolidad de la apelación. El recurso intentado va, en realidad, a atacar la apreciación de la prueba que por la corte municipal se hizo; y a pretender sustituir con un procedimiento extraordinario el recurso de apelación que la parte no utilizó; teniéndolo, no lo ejercitó.

De los autos aparece que la sentencia de la corte municipal en el caso de desahucio de que se trata, fué registrada en 9 de abril de 1929; que se presentó por Carmen Meléndez una moción de reconsideración y de nulidad de sentencia, en fecha 26 de abril del mismo año; y que la orden de ejecución se dictó en 14 de mayo de 1929, y se dictó otra de lanzamiento en 20 de septiembre de 1929, que fué ejecutada por el márshal en 23 de los mismos mes y año. La demandada no apeló de la sentencia.

Hemos sostenido, de acuerdo con la jurisprudencia constante e invariable que el *certiorari* clásico no se da más que en cuestiones de jurisdicción, o de procedimiento. *Agostini* v *Corte Municipal,* 33 D.P.R. 817, *Del Toro* v. *Corte Municipal,* 16 D.P.R. 93, y otros. Y asimismo:

(*a*) que el recurso de *certiorari* no se da como una sustitución del de apelación o del de error. *Montalvo* v. *Soto Nussa,* 20 D.P.R. 380; *Del Toro* v. *Corte Municipal, supra.*

(*b*) que el recurso de *certiorari* no procede cuando el peticionario tiene remedio ordinario en ley. *De León* v. *Brusi,* 22 D.P.R. 479; *Sánchez* v. *Cuevas Zequeira,* 23 D.P.R. 50; *Gordils* v. *Corte de Distrito,* 31 D.P.R. 614.

De todas formas, una vez ejecutada la sentencia de desahucio, no parece que un auto de *certiorari* tenga finalidad práctica alguna. Y si se trata de un caso en el que el desahuciado pretendía que el título de su contrario es nulo, no es por medio de un procedimiento extraordinario como ha de obtener tal declaración.

*La moción de la parte apelada es correcta y razonable; por lo que debemos desestimar y desestimamos la apelación.*