EARL L. MOORE, peticionario, *v.* CORTE DE DISTRITO DE SAN JUAN, HON. JORGE CÓRDOVA DÍAZ, JUEZ, demandada.

Núm. 1293.—*Sometido:* Junio 15, 1942. *Resuelto:* Julio 21, 1942.

*Antonia Gandía de Guerra,* abogada del peticionario; *Álvaro Ortiz,* abogado de la interventora, demandante en el pleito principal.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Earl L. Moore arrendó a la Compañía Agrícola Las Monjas una porción de terreno para establecer una escuela de aviación. Dejó de satisfacer los cánones mensuales de arrendamiento correspondientes a noviembre y diciembre 1941 y enero 1942, y fué demandado en desahucio por Las Monjas ante la Corte Municipal de Río Piedras.

En su contestación alegó que se vió obligado a retrasarse en el pago porque no pudo continuar operando su escuela a virtud de órdenes militares, no siendo hasta el 2 de enero de 1942 que recibió autorización para continuar, estando dispuesto a consignar los cánones dejados de satisfacer, como en efecto luego los consignó.

La corte municipal decretó el desahucio por sentencia del 28 de marzo de 1942, y Moore apeló para ante la corte de distrito.

Radicados los autos en la corte de distrito y cuando habían tenido ya lugar en ella ciertos procedimientos, la demandante apelada pidió la desestimación del recurso porque el demandado apelante no había consignado el canon de arrendamiento que venció el 14 de abril, y la corte declaró con lugar la desestimación en los siguientes términos:

"Al celebrarse la primera comparecencia de las partes ante esta corte, el demandado solicitó permiso para radicar una contestación enmendada contentiva de la nueva defensa de que, durante el trámite de la apelación ante esta corte, la finca objeto del litigio fué adquirida por expropiación por Estados Unidos de América. No habiéndose opuesto la demandante, se concedió el permiso y se radicó la contestación enmendada.

"Ahora la demandante pide se desestime la apelación porque no se ha consignado el canon vencido el 14 de abril de 1942. Así es en efecto. Sostiene el demandado, sin embargo, que ya no hay necesidad de consignar, puesto que la demandante ya no es dueña de la finca. Pero es que no podemos asumir que ése sea el hecho. Se trata de una mera alegación en una contestación. . . . El requisito de la consignación de los cánones es para proteger a la parte demandante en caso de que resulte fundada su demanda. Si resultare infundada, si no resultare con derecho a los cánones, tendría el demandado derecho a su devolución. Mientras se tramite la apelación, sin embargo, es clara la obligación estatutaria del demandado de consignar los cánones que vayan venciendo."

Pidió reconsideración el apelante y la corte la negó, como sigue:

"Se nos pide la reconsideración de nuestra resolución de abril 25 de 1942 porque nos negamos a asumir que la demandante haya dejado de ser dueña de la finca. Sostiene el demandado que ese es un hecho aceptado por la demandante. Indudablemente que, al argumentar la moción de desestimación, la demandante partió de la base de que la finca ya había pasado a otras manos, pero dudamos que el argumento oral de la demandante a ese efecto se pueda interpretar como una admisión expresa de lo alegado en la contestación. . . ."

Hemos leído el récord taquigráfico unido a los autos originales de la apelación en la corte de distrito y encontramos que el juez de la misma al referirse en sus resoluciones transcritas a lo ocurrido y al alcance de la alegada admisión de la parte demandante apelada, se ajusta estrictamente a la verdad.

El precepto de ley invocado por la apelada y aplicado por la corte, es terminante. Dice:

"En las apelaciones interpuestas en juicios establecidos por falta de pago del canon estipulado, cualquiera que sea el estado del recurso, el demandante puede solicitar que se sobresea en el mismo, si el demandado no consignase en la secretaría del tribunal el importe de todos y cada uno de los arrendamientos que vayan venciendo." Artículo 634 del Código de Enjuiciamiento Civil, edición 1933, que es el 15 de la Ley sobre Desahucio de 1905.

Aquí se trataba de una apelación establecida en un desahucio fundado en falta de pago del canon estipulado y se admite que el canon no se consignó. El sobreseimiento era inevitable.

Quizá la parte apelante tenga razón, pero tales como los hechos constaban de los autos en el momento en que se dejó de hacer la consignación, en el en que se pidió la desestimación por tal motivo y en el en que el juez la decretó, no podía hacerse otra cosa de acuerdo con la ley, ya que en ninguno de ellos el demandado apelante había probado como pudo y debió hacerlo la alegada expropiación del terreno por parte de los Estados Unidos de América.

*Procede anular el auto expedido y declarar sin lugar el certiorari, devolviéndose los autos originales del caso de desahucio a la corte de distrito de su origen.*