Luis González Peralta, querellante y apelado, *v.* Corte Municipal de San Juan, Sección Tercera, querellada y apelante; Irma López Cepero, interventora y apelante.

Núm. 9171.—*Sometido:* Diciembre 26, 1945. *Resuelto:* Febrero 7, 1946.

*Carlos D. Vázquez,* abogado de la apelante; *Fernando Ruiz Suria,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Irma López Cepero, dueña de una casa radicada en Barrio Obrero, estableció ante la Corte Municipal de San Juan, Sección Tercera, acción de desahucio, por falta de pago del canon de arrendamiento contra su inquilino Luis González Peralta. En 6 de diciembre de 1944 la Corte Municipal dictó sentencia contra el demandado y éste apeló de la misma para ante la Corte de Distrito de San Juan el día 12 del mismo mes y año.

En 25 de enero de 1945 la demandante solicitó la desestimación de la apelación por no haberse formalizado el recurso de acuerdo con la ley.

En 5 de febrero compareció la demandante apelada a la vista de la moción de desestimación y presentó certificación del Secretario de la Corte Municipal acreditando que el apelante no había otorgado la fianza exigida por la ley, ni había consignado los cánones adeudados hasta la fecha de la sentencia.

El 13 de febrero la corte de distrito dictó resolución desestimando la apelación a base del artículo 632 del Código de Enjuiciamiento Civil, según quedó enmendado por la Ley núm. 170 de 9 de mayo de 1942 ((1) pág. 889), y los casos de *Moore* v. *Corte,* 60 D.P.R. 729, y *Jiménez* v. *Berríos,* 60 D.P.R. 938.

El 23 de febrero de 1945 la demandante solicitó de la Corte Municipal expidiera el mandamiento de lanzamiento del demandado y la Corte así lo hizo, siendo lanzado el demandado el día 24 de febrero de 1945.

El día primero de marzo de 1945, a petición del demandado, la Corte de Distrito expidió un auto de *certiorari* y ordenó a la Corte Municipal la elevación de los autos para su revisión y el 13 del mismo mes y año declaró con lugar la petición y anuló la orden dictada por la Corte Municipal de San Juan, el mandamiento del Secretario y las actuaciones del Márshal, por entender que el término de 40 días prescrito por ley para lanzar al demandado debió empezar a contarse desde que se desestimó la apelación, o sea, desde el 13 de febrero.

Contra esta sentencia apelan los querellados alegando que la corte inferior erró al resolver que en un pleito de desahucio la apelación queda formalizada aunque el demandado no preste fianza, ni consigne los cánones del arrendamiento adeudados hasta la fecha de la sentencia; al expedir el auto de certiorari sin que el demandado hubiera agotado sus remedios ante la Corte Municipal contra la orden objeto de este recurso, y al expedir un auto de certiorari, sin finalidad práctica alguna, anulando una orden que ya había sido ejecutada.

■■ Asumiendo, sin resolverlo, que la corte inferior no cometiera los dos primeros errores señalados, consideramos que el tercero fué cometido.

Hemos resuelto que no procede un auto de certiorari para corregir errores que aún en el supuesto de que fueran cometidos, son actos ya ejecutados y que darían lugar a resoluciones que prácticamente no pueden cumplirse, *Sucn. Vall* v. *Muñoz,* 14 D.P.R. 340; *Aguayo Hermanos & Co.* v. *Cuevas Zequeira,* 24 D.P.R. 684, y específicamente en el caso de *Meléndez* v. *Corte,* 40 D.P.R. 922–5, en relación con una sentencia de desahucio ya ejecutada, resolvimos que: "De to-

das formas, una vez ejecutada la sentencia de desahucio, no parece que un auto de certiorari tenga finalidad práctica alguna.''

En el caso de autos es un hecho admitido que a la fecha de radicarse la petición de certiorari en la corte inferior ya el peticionario había sido lanzado de la casa que ocupaba al ejecutarse la sentencia de desahucio. Esto ocurrió el 24 de febrero de 1945. Cuando la corte inferior finalmente anuló la orden de lanzamiento el 13 de marzo, ¿qué finalidad práctica podía obtener el peticionario? Ninguna a nuestro juicio, pues la resolución de la corte inferior no podía tener el efecto de reinstalar al demandado en la posesión de la casa ni tal cosa se ordenaba en ella.

Además, asumiendo que la orden de lanzamiento hubiera sido expedida antes de transcurrir los cuarenta días de ser firme la sentencia de desahucio, no hay duda alguna que al presente, cuando ya ha transcurrido un año, el demandante tendría derecho a obtener una nueva orden de lanzamiento.

Si el peticionario fué ilegalmente lanzado de la casa y por ello sufrió daños remedio tiene contra el demandante para reclamárselos y de los autos aparece que lo está ejercitando ante la corte municipal en una acción de daños y perjuicios.

*Debe revocarse la resolución apelada.*