LABARTHE ET AL., PROMOVENTES Y APELADAS, *v.* NEUMANN, OPOSITORA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Ponce en causa sobre nombramiento de contador partidor.

No. 1414.—Resuelto en abril 6, 1916.

PARTICIÓN DE HERENCIA—HEREDEROS MAYORES DE EDAD—DESACUERDO SOBRE LA PARTICIÓN — ALBACEA O ADMINISTRADOR — CONTADORES-PARTIDORES.—Cuando

los herederos son todos mayores de edad y no están de acuerdo sobre el modo de hacer la partición, es la intención de la ley por virtud del artículo 1026 del Código Civil, tal como fué enmendado en febrero 24, 1906, conferirles los mismos derechos que tiene el albacea o administrador conforme al artículo 67 de la Ley de Procedimientos Legales Especiales, para pedir en caso de desacuerdo de las partes el nombramiento de contador partidor.

JURISDICCIÓN—DISCRECIÓN JUDICIAL—COMPARECENCIA DE LAS PARTES ANTE LA CORTE.—Por virtud del artículo 36 del Código de Enjuiciamiento Civil, la corte tiene discreción cuando las partes están ante ella y no se ha determinado distintamente una línea de conducta.

PARTICIÓN DE HERENCIA—NOMBRAMIENTO DE CONTADOR PARTIDOR—RESOLUCIÓN APELABLE—APELACIÓN.—Conforme al artículo 295 del Código de Enjuiciamiento Civil, es apelable la resolución de una corte de distrito dictada en un procedimiento especial sobre nombramiento de contador partidor de acuerdo con el artículo 1026 del Código Civil, por ser definitiva y resolver un derecho terminante.

Los hechos están expresados en la opinión.

Abogados de la apelante: *Sres. Gustavo Rodríguez* y *José G. Torres.*

Abogados de las apeladas: *Sres. Francisco Parra* y *Antonio F. Castro.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Las apeladas radicaron una petición en la corte de distrito, alegando que eran respectivamente la viuda y las dos hijas legítimas de Don Eduardo Neumann Gandía; que Eduardo Neumann falleció abintestato el día 9 de septiembre de 1913, y que los dos hijos legítimos y Gustavo y Adela Neumann Negrón, dos hijos naturales reconocidos, fueron declarados únicos y universales herederos de dicho Eduardo Neumann, sin perjuicio del derecho usufructuario de la viuda; que la viuda y los hijos legítimos no estaban de acuerdo con los hijos naturales en cuanto al carácter de los bienes relictos, o sea si eran o nó gananciales; que todas las partes eran mayores de edad y solicitaban los peticionarios se nombrara un contador partidor para hacer la división o partición. La corte negó primeramente la petición, pero luego reconsideró su resolución y accedió a dicha partición, nombrando como contador partidor a Don Luis Yordán Dávila. A solicitud de Adela Neumann la orden quedó hecha definitiva, contra

la cual interpuso ésta recurso de apelación. La primitiva teoría de la corte y de la opositora era la de que sólo un albacea o administrador podía pedir el nombramiento de contador partidor, disponiendo el artículo 67 de la Ley de Procedimientos Legales Especiales lo siguiente:

"Art. 67.—Cuando un albacea o administrador estuviere en posesión de todo el caudal, y hubiere satisfecho o tuviere en su poder cantidad suficiente para satisfacer las deudas y gastos de la administración, y no fuere un caso en que las partes están acordes respecto a la partición o división, deberá pedir a la corte de distrito el nombramiento de un comisionado o contador partidor para practicar la partición o división."

Sin embargo, el artículo 1026 del Código Civil, tal como fué enmendado por la ley de febrero 24, 1906, dispone lo siguiente:

"Art. 1026.—Cuando los herederos mayores de edad, no se entendieren sobre el modo de hacer la partición, quedará a salvo su derecho para que lo ejerciten en la forma prevenida por la ley de procedimientos legales especiales aprobada el 9 de marzo de 1905."

Este artículo aparece entre los de la sección 2ª. del Capítulo VI, Título III, Libro III, del Código Civil, cuya sección lleva por epígrafe "De la partición," y en este caso lo que solicitan en último término los herederos es la partición de los bienes y alegan las peticionarias que los herederos no pueden llegar a un acuerdo respecto a los bienes que han de dividirse. Aunque la verdadera diferencia en este caso es sobre lo que son o nó bienes gananciales, creemos, sin embargo, que los herederos están colocados en la misma situación, por virtud del artículo 1026 del Código Civil que un albacea o administrador. En otras palabras, la intención fué conferir a los herederos entre sí los mismos derechos que pudiera tener un administrador de una finca, o sea, el derecho de pedir en caso de desacuerdo, el nombramiento de un contador. partidor. Establecido esto es evidente que el caso de *Falú* v. *Escalera,* 20 D. P .R. 522, es directamente

aplicable. La solicitud, en ese caso, fué hecha por un albacea, pero la división entre los herederos estaba confundida con la necesidad de distinguir o separar los bienes gananciales y fué nombrado un contador partidor.

El caso tal vez podría ser diferente si la apelante hubiera demostrado que había alguna necesidad de pagar las deudas del finado, o que eran necesarios otros actos de administración, pero los autos nada dicen sobre el particular y la presunción es, como expresa la petición, que en el caso no está envuelta ninguna otra cuestión que la división entre los herederos después de separar los bienes gananciales de los que pertenecen a Neumann en particular.

La apelante asimismo alegó que todos los bienes no estaban en condiciones de ser divididos, pues había una finca en litigio. Tenemos dudas de si un albacea o administrador tendría que suspender una división o partición por estar pendiente un pleito en relación con una finca en particular, pero en este caso la cuestión es sobre determinados bienes en cuanto a la viuda y los herederos en que no están envueltos ninguno de los deberes relativos a la administración.

Hay algunas otras consideraciones generales. Cuando las partes están ante la corte y no se ha determinado distintamente una línea de conducta, la corte tiene discreción por virtud del artículo 36 del Código de Enjuiciamiento Civil, el cual es como sigue:

"Art. 36.—Cuando por este código o por otra ley se confiera jurisdicción a una corte o funcionario judicial, se le confieren también todos los medios necesarios para hacerla efectiva; y en el ejercicio de ella, si el procedimiento no estuviere especialmente señalado en este código o en otra ley, podrá adoptarse cualquier otro procedimiento o modo adecuado que parezca estar más en armonía con el espíritu de este código."

Creemos que si la corte no estaba directamente autorizada observó la forma correcta en este caso.

Teníamos alguna duda en cuanto al derecho de las partes para hacer que sea revisada en apelación la resolución

de la corte de distrito.  En la Ley de Procedimientos Legales Especiales no existe ningún precepto legal que de modo directo autorice la apelación en un caso de esta clase.  Los apelantes alegan en este caso que ésta no era una cuestión directamente comprendida en la Ley de Procedimientos Legales Especiales como se determina en las leyes de la sesión de 1905, sino un procedimiento especial ante la Corte de Distrito de Ponce para resolver los derechos de las partes.  En otras palabras, las partes, como hemos visto, tenían derecho a un remedio de acuerdo con el artículo 1026 del Código Civil, el cual hace referencia a la Ley de Procedimientos Legales Especiales meramente como auxiliar.  El procedimiento según el artículo 1026 es por sí un procedimiento especial.  La resolución en este caso era en forma definitiva y dejó resuelto un derecho terminante y, por tanto, creemos que era apelable de conformidad con el artículo 295 del Código de Enjuiciamiento Civil.  En cuanto a este particular son de aplicación los casos de *Mattei* v. *Badillo,* 20 D. P. R. 247; *Olivari* v. *Sucesión Ramos,* 20 D. P. R. 103, y *Sucesores de Abarca* v. *Central Vannina,* resuelto en marzo 9, 1916.

Debe confirmarse la sentencia.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.