AGOSTINI, DEMANDANTE Y APELANTE, *v.* CORTE MUNICIPAL DE SAN JUAN, SECCIÓN PRIMERA, ET AL., Y REAL, DEMANDADOS Y APELADOS.

No. 3431.—*Visto:* Noviembre 10, 1924.  *Resuelto:* Diciembre 2, 1924.

*Certiorari* EN CASOS DE DESAHUCIO — APELACIÓN — DESESTIMACIÓN DENEGADA. —
Siendo la apelación un derecho universal, las resoluciones dictadas en recursos de *certiorari* establecidos para revisar cuestiones de jurisdicción o procedimiento en pleitos de desahucio son apelables, aunque en tales pleitos no se dé más que una apelación.  Por tal motivo las cortes de distrito deben ser cautas al librar autos de *certiorari* en casos de desahucio procedentes de las cortes municipales.

MOCIÓN sobre desestimación de apelación. *Sin lugar.*

*L. Feliú,* abogado del apelante; *M. Tous Soto,* abogado del apelado Real.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

De una moción para desestimar una apelación aparece que la Corte de Distrito de San Juan, Primer Distrito, libró un auto de *certiorari* para revisar los procedimientos de una corte municipal en una acción de desahucio. Después de una vista y de sometido el caso, la corte de distrito anuló el auto e impuso las costas al peticionario, apelante ahora ante esta corte.

La apelada al solicitar la desestimación, ha insistido en que la ley de desahucio sólo tiene en cuenta una apelación de la corte municipal a la de distrito, o de una de distrito a la Corte Suprema, y que por el hecho de presentar una solicitud de *certiorari* para revisar el procedimiento de una corte municipal el apelante ha burlado la ley toda vez que conseguirá que su proposición sea revisada por tres cortes en vez de en un solo juicio y una sola revisión.

La ley de *certiorari* de 1904 (Comp. sec. 1349) concede un derecho de revisión limitado. La corte de revisión sólo tiene facultad para considerar cuestiones de jurisdicción o procedimiento o completar procedimientos cuando la corte inferior erróneamente rehusa hacerlo. La corte superior no tiene facultad alguna para considerar el caso por sus méritos sustanciales. Por tanto, cuando un peticionario hace una petición a una corte para que expida un auto de *certiorari* en un procedimiento de desahucio, la corte de distrito debe examinar la petición con gran cuidado. Se presumirá que cada corte lo ha hecho así. Desde luego que la corte puede con frecuencia anular el auto después de oir a la otra parte, como sucedió aquí.

La ley, sin embargo, en un caso adecuado como el arriba indicado, confiere a todo ciudadano el derecho a que sean

revisados todos los procedimientos mediante auto de *certiorari*. Es una proposición universal de la cual no se hace excepción de los casos de desahucio. Es cuestión de razón que si ha habido serias infracciones de jurisdicción o procedimiento, que existe una rápida revisión mediante *certiorari*. La ley no establece excepción y no podemos establecerla nosotros. Una apelación procede en todos los casos de conformidad con el artículo 295 del Código de Enjuiciamiento Civil.

Si la apelada está convencida de que el certiorari era un procedimiento frívolo y de que la apelación asimismo lo es, o que ha sido interpuesta para demorar, hay medios de llegar al asunto por medio de una moción a esta corte.

Ninguna de las cuestiones esenciales están ante nuestra consideración. El apelante oportunamente solicitó una prórroga del término para radicar la transcripción de autos. *Debe declararse sin lugar la moción de desestimación y como ha pasado mucho tiempo se concede al apelante un término de cinco días dentro del cual deberá radicar la expresada transcripción.*