WALTER STIECHLL, peticionario y apelante, *v.* CORTE MUNICIPAL DE RÍO PIEDRAS, SECCIÓN SEGUNDA, HON. R. GARCÍA VEVE, JUEZ, demandada y apelada.

Núm. 8583.—*Sometido:* Febrero 5, 1943. *Resuelto:* Marzo 10, 1943.

*Rogelio Fernández Garzot*, abogado del apelante; *H. Torres Solá*, abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Ante la corte municipal de Río Piedras, sección segunda, Evaristo Rodríguez inició un pleito de desahucio contra Walter Stiechll. Emplazado el demandado, presentó una moción sobre eliminación del juramento de la demanda, otra sobre eliminación de algunas de sus alegaciones y excepcionó y contestó la demanda.

Llamado el caso para la primera comparecencia, la corte declaró sin lugar las mociones y la excepción, y el demandado se dirigió a la corte del distrito pidiéndole expidiera un auto de *certiorari* contra la corte municipal.

Accedió la corte del distrito pero, celebrada una vista, anuló su propia actuación en los siguientes términos:

"Se nos pide revisemos la resolución de la Corte Municipal declarando sin lugar excepción previa y mociones eliminatorias. No creemos que procede el recurso de *certiorari*, porque los errores que se le imputan a la corte inferior no son de carácter jurisdiccional o procesal. Pero aún cuando se tratara de algún error procesal, puede revisarse adecuadamente mediante apelación ante esta corte. No es

necesario, según sugiere el peticionario, prestar una fianza para perfeccionar tal apelación. Tratándose de un caso de desahucio por falta de pago de cánones se perfecciona la apelación consignando los cánones vencidos y los que vayan venciendo durante la pendencia de la apelación. Siendo el recurso de apelación perfectamente adecuado para la revisión de los errores que se le imputan a la corte inferior, no creemos justificado el uso del auto de *certiorari* para tales fines.

"Por los fundamentos expuestos, se anula el auto expedido y se ordena la devolución de los autos a la corte inferior."

Contra esa sentencia, dictada en junio 26, 1942, se interpuso el presente recurso de apelación.

Hemos estudiado los alegatos de ambas partes y a nuestro juicio se trata de un recurso frívolo.

■ Recientemente en el caso de *Collazo* v. *Corte,* 61 D. P.R. 291, esta corte, por medio de su Juez Asociado Sr. Todd, Jr., dijo:

"Es obvio que los errores alegados en la petición ni son de procedimiento ni atañen a la jurisdicción de la corte. Repetidamente hemos resuelto que la resolución de excepciones previas en un sentido o en otro no puede alegarse como error de procedimiento revisable por *certiorari. Rodríguez* v. *Sepúlveda,* 19 D.P.R. 1169; *Hull* v. *Corte,* 42 D.P.R. 151; *Delgado* v. *Corte,* 52 D.P.R. 961; *Smallwood,* etc. v. *Corte,* 53 D.P.R. 742 y *Santana* v. *Corte,* 58 D.P.R. 568. . ."

■ Este caso en el que se ha logrado dilatar la resolución de un juicio de desahucio por nueve meses recurriendo al certiorari, explica por qué este Tribunal al decidir en el de *Agostini* v. *Corte Municipal,* 33 D.P.R. 816, que "Siendo la apelación un derecho universal, las resoluciones dictadas en recursos de certiorari establecidos para revisar cuestiones de jurisdicción o procedimiento en pleitos de desahucio son apelables, aunque en tales pleitos no se dé más que una apelación," agregó, "Por tal motivo las cortes de distrito deben ser cautas al librar autos de certiorari en casos de desahucio procedentes de las cortes municipales."

■ El apelante no asistió a la vista del recurso, pero el Secretario dió cuenta con una moción suya haciendo constar que el demandante en el pleito de desahucio había falle-

cido en septiembre 21, 1942, a los fines de que se suspendiera la vista. El abogado señor Torres Solá que se hallaba presente en representación de la parte en el pleito de desahucio que pudiera ser afectada por la sentencia en el certiorari, se opuso y la vista. continuó.

La moción constituye otra tentativa de dilación que no debe prevalecer. La acción de desahucio no terminaba por la muerte del demandante. Artículo 69 del Código de Enjuiciamiento Civil. Y no es necesario indagar dentro de este recurso de certiorari si se hizo o no la sustitución en el desahucio porque aquí las partes lo son el peticionario apelante y la corte municipal apelada.

*Debe declararse sin lugar el recurso y confirmarse la sentencia apelada.*