José del Valle Sánchez, en concepto de apoderado de María Josefa, Emilio y Aquilino Sánchez Díaz y Manuel Pérez Blanco, en concepto de apoderado de Feliciana Sánchez Díaz, peticionarios y apelados, Ex Parte; Máximo Sánchez Díaz, por sí y como apoderado de Emilia y Fermina Sánchez Díaz, opositores y apelantes.

Núm. 9856.—*Sometido:* Marzo 1, 1949. *Resuelto:* Marzo 11, 1949.

*Juan B. Soto* y *Juan F. Soto,* abogados de los apelantes; *Heriberto Torres Solá* y *María Torres Capó,* abogados de los apelados.

El Juez Asociado Señor Marrero emitió la opinión del tribunal.

Ignacio Sánchez Díaz falleció el 28 de mayo de 1947 en la ciudad de Río Piedras sin otorgar disposición testamentaria. Por resolución del Tribunal del Distrito de San Juan de 21 de noviembre del mismo año sus hermanos legítimos Máximo, María Josefa, Emilia, Aquilino, Emilio, Feliciana y Fermina Sánchez Díaz, todos mayores de edad y residentes fuera de Puerto Rico, a excepción de Máximo que es vecino de Fajardo, fueron declarados sus únicos y universales herederos. Una petición radicada por este último, por sí y como apoderado de su hermana Emilia, en que solici-

taba el nombramiento de un administrador judicial para los bienes del finado fué declarada sin lugar el 26 de diciembre siguiente. En 19 de marzo de 1948 acudieron ante el mismo tribunal José del Valle Sánchez y Manuel Pérez Blanco, el primero en su carácter de apoderado de María Josefa, Emilio y Aquilino, y el segundo como apoderado de Feliciana, con una solicitud en que pedían que de conformidad con lo estatuído en el artículo 1012 del Código Civil, ed. de 1930, y en el artículo 600 del Código de Enjuiciamiento Civil, ed. de 1933, (artículo 67 de la Ley de Procedimientos Legales Especiales), se procediera a nombrar a un contador partidor para que entendiera en el inventario, avalúo, partición y adjudicación de los bienes dejados al fallecimiento de Ignacio Sánchez Díaz. A esa solicitud se opuso Máximo Sánchez Díaz en la doble representación ya indicada y luego de una vista en que se adujo prueba por las partes, la corte dictó una extensa resolución declarando con lugar la solicitud, decretando el nombramiento del contador partidor y haciendo constar que oiría a las partes sobre la persona a ser designada como tal contador partidor. De esa resolución apela Máximo Sánchez Díaz y en apoyo de su recurso sostiene que la corte inferior erró al resolver que las secciones 60, 61 y 67 de la Ley de Procedimientos Legales Especiales (artículos 593, 594 y 600 del Código de Enjuiciamiento Civil, ed. 1933) son inaplicables a los hechos envueltos en este caso; al resolver que son aplicables los artículos 1005, 1006, 1011 y 1012 del Código Civil, ed. de 1930, y al determinar que es imposible para los herederos llegar a un entendido sobre el modo de hacer la partición de los bienes constitutivos del caudal de la herencia.

[1]No es posible, sin embargo, discutir en sus méritos las cuestiones planteadas por el apelante. Se debe ello a que este tribunal carece de jurisdicción para conocer de las mismas, por ser de opinión que la resolución dictada por una corte de distrito decretando el nombramiento de un contador

partidor no es apelable. Aunque los apelados no han solicitado la desestimación del recurso por tal motivo, siendo ésa una cuestión que nos priva de jurisdicción, la misma puede ser suscitada *sua sponte* por este tribunal.

■■ En apoyo de nuestro criterio podemos repetir aquí *mutatis mutandis* lo expresado por este tribunal en la opinión dictada en 24 de febrero de 1949 en el caso de *Sampedro vda. de Fournier* v. *Fournier Carrión,* ante pág. 584, a saber: El recurso de apelación es un derecho estatutario y no existe en defecto de un estatuto que lo conceda. El Código de Enjuiciamiento Civil no dice expresamente que la resolución decretando el nombramiento de un contador partidor sea apelable. Es menester, en su consecuencia, recurrir al artículo 295 del Código de Enjuiciamiento Civil[1] que establece los tres casos en que las sentencias o resoluciones de las cortes de distrito son apelables para ante este tribunal. La resolución en controversia evidentemente no está comprendida en ninguno de los casos que taxativamente se enumeran en el inciso (3) del citado artículo. Tampoco lo está en el inciso (2). La cuestión se reduce, pues, a determinar si dicha resolución está comprendida en el inciso

[1] "Artículo 295.—Podrá establecerse apelación para ante el Tribunal Supremo contra las resoluciones de las cortes de distrito en los casos siguientes:

"1. De una sentencia definitiva pronunciada en un pleito o procedimiento especial, comenzado en la corte que la hubiere dictado, dentro de un mes después de haberse registrado la sentencia.

"2. De una sentencia de una corte de distrito dictada en apelación interpuesta contra resolución de una corte inferior, dentro de los quince días después de registrada dicha sentencia, si el valor de la cosa reclamada o cuantía de la sentencia sin comprender frutos o intereses, excediera de trescientos dólares.

"3. De una providencia concediendo o denegando un nuevo juicio; concediendo o anulando un *injunction;* negándose a conceder o anular un injunction; anulando o negándose a anular un embargo; concediendo o negándose a conceder un cambio de lugar para la celebración del juicio; de una providencia especial dictada después de una sentencia definitiva; y de una sentencia interlocutoria en pleitos sobre partición de propiedad real, dentro de los diez días de dictada la providencia o sentencia interlocutoria y de anotada la misma en el libro de actas de la corte o de archivada en la secretaría."

(1). Para ello será preciso que la misma tenga el carácter de sentencia o resolución definitiva dictada en un pleito o procedimiento especial.

La resolución decretando el nombramiento de un contador partidor no pone fin a controversia alguna. (En el caso que nos ocupa ni siquiera se ha designado la persona que debe ejercer el cargo de contador partidor.) Una resolución como la aquí dictada es meramente el principio del proceso de partición de los bienes del finado. Ese proceso termina con la resolución que dicta la corte de distrito aprobando la partición o división de los bienes, luego de hacer en ella las modificaciones legales que estime oportunas. Es tan sólo de esa última resolución que, por disposición expresa del artículo 604 del Código de Enjuiciamiento Civil (artículo 71 de la Ley de Procedimientos Legales Especiales), puede apelar alguno o todos los interesados para ante esta Corte Suprema, de no estar conformes con ella. Si la intención del legislador hubiera sido conceder el derecho de apelación para revisar una resolución decretando el nombramiento de un contador partidor, fácil le hubiera sido hacerlo, como lo hizo, por el artículo 604, supra, al permitir la apelación indicada contra la resolución aprobatoria de la partición.

Al expresarnos en la forma en que lo hemos hecho más arriba no hemos olvidado que este tribunal resolvió en el caso de *Labarthe* v. *Neumann,* 23 D.P.R. 689, 693, no sin dejar de tener algunas dudas sobre el particular, que la resolución de una corte de distrito designando un contador partidor era apelable de conformidad con el artículo 295 del Código de Enjuiciamiento Civil; y que en el caso de *Cautiño, Ex Parte; Sucesión Llera, etc., Opositores,* 51 D.P.R. 475, discutió y resolvió en sus méritos las cuestiones planteadas en una apelación que envolvía el nombramiento de un contador partidor. En este último caso, sin embargo, no se llamó la atención del tribunal respecto a si tal resolución

era o no apelable. El caso de *Labarthe* v. *Neumann,* supra, queda expresamente revocado en cuanto al extremo indicado.

*La apelación interpuesta contra la resolución del tribunal inferior decretando el nombramiento de un contador partidor debe ser desestimada por falta de jurisdicción.*