ENRIQUE MARTÍNEZ, JR., peticionario, *v.* TRIBUNAL DEL DISTRITO JUDICIAL DE SAN JUAN, HON. J. M. CALDERÓN, JUEZ, demandado; CHESTER G. MERCURY, interventor.

Núm. 1831.—*Sometido:* Mayo 1, 1950. *Resuelto:* Febrero 15, 1951.

*Juan B. Soto* y *Juan F. Soto,* abogados del peticionario; *Víctor A. Coll,* abogado del interventor.

EL JUEZ ASOCIADO SEÑOR NEGRÓN FERNÁNDEZ emitió la opinión del tribunal.

Arturo Rodríguez Pou obtuvo sentencia contra Enrique Martínez, Jr. por concepto de daños y perjuicios, por la suma de $1,500, más las costas y $250 para honorarios de abogado, la

cual quedó firme el 8 de junio de 1939. *Rodríguez v. Martínez, Jr.*, 55 D.P.R. 59. No habiendo sido satisfecha dicha sentencia, Rodríguez Pou inició acción en su cobro contra Martínez el 2 de junio de 1947; y en el transcurso de este litigio vendió su crédito por la suma de $700 a Chester G. Mercury, quien le sustituyó en el pleito como demandante, obteniendo también sentencia a su favor. *Rodríguez v. Martínez*, 68 D.P.R. 450. Previo ofrecimiento de pago a Mercury de los $700, más las costas e intereses, y de su negativa a aceptarlo, Martínez consignó en el tribunal inferior la suma de $1,000 a los fines de que se diera por extinguido dicho crédito de conformidad con las disposiciones del artículo 1425 del Código Civil, ed. 1930. Contestado su escrito de consignación, pidió Martínez que se dictara sentencia por las alegaciones ya que no había controversia genuina de hechos envuelta y tenía derecho a ella como cuestión de derecho. No obstante ser de opinión de que el crédito cedido por Rodríguez Pou a Mercury no era uno de carácter litigioso,(¹) el tribunal inferior declaró sin lugar su moción, interponiendo entonces el peticionario el presente recurso de *certiorari*.

¿Tiene carácter de litigioso el crédito que obtenido por sentencia firme en acción de daños y perjuicios es objeto luego de nuevo pleito instituído para su cobro, y puede por consiguiente el deudor por sentencia—demandado en el nuevo pleito—hacer uso del derecho de retracto legal que establece el artículo 1425 del Código Civil? Esa es la cuestión fundamental envuelta en el presente recurso. Pasemos, pues, a considerarla.

El derecho de retracto litigioso se establece por la citada disposición legal del Código Civil en la siguiente forma:

---

(¹) El tribunal inferior también fué de opinión de que en el supuesto de que el crédito envuelto fuera uno litigioso, el derecho de retracto se había ejercitado por Martínez fuera del término de 9 días prescrito por el citado artículo 1425 del Código Civil. Aun cuando esta cuestión fué suscitada en la petición de certiorari como uno de los motivos de error, es innecesario que le demos consideración en vista del resultado a que llegamos en la opinión sobre la naturaleza del crédito envuelto.

"Vendiéndose un crédito litigioso, el deudor tendrá derecho a extinguirlo, reembolsando al cesionario el precio que pagó, las costas que se le hubiesen ocasionado y los intereses del precio desde el día en que éste fué satisfecho.

"Se tendrá por litigioso un crédito desde que se conteste a la demanda relativa al mismo.

"El deudor podrá usar de su derecho dentro de nueve días, contados desde que el cesionario le reclame el pago."

Contrario a lo que ocurre en los demás retractos, el provisto por la anterior disposición de ley es uno con fines esencialmente extintivos, y para que pueda tener lugar debe existir un pleito o litigio pendiente, relativo al crédito, cuando ocurre la venta, y estar presentes las demás circunstancias establecidas en el precepto. Pero el carácter de *litigioso* no puede atribuirse a un crédito ya declarado por sentencia firme, *Cucullu* v. *Hernández*, 103 U.S. 105, 116, 26 L. ed. 322, 326, por el mero hecho de que un nuevo litigio se ha hecho necesario para hacer efectivo el mismo. El que debe reputarse como litigioso es el crédito "que, puesto en pleito, no puede tener realidad sin previa sentencia firme que lo declare", 95 Jurisprudencia Civil 297; 10 Manresa, Comentarios al Código Civil Español 434 *et seq.;* 23 Scaevola, Código Civil 962 *et seq.;* 8 Colin y Capitant, Derecho Civil 363, o sea aquél que está en duda y se disputa, aquél en el que los derechos son inciertos. Es condición esencial para que un crédito se repute litigioso, la de que la contienda judicial pendiente a la fecha de la venta o cesión del crédito gire sobre la existencia misma del crédito y no meramente sobre las consecuencias de su existencia, una vez determinado por sentencia firme. Carece, por tanto, de tal concepto el crédito ya adjudicado por sentencia firme, como el del caso de autos.

En vista de lo anterior y no existiendo controversia genuina entre las partes sobre los hechos alegados en el escrito de consignación radicado por el deudor Martínez en el tribunal inferior, procede que como cuestión de derecho se dicte sentencia por las alegaciones, pero no en favor del mocionante

Martínez y sí en favor de Mercury, cesionario del crédito, *Irizarry* v. *Tribl. Contrib. y Buscaglia, Int.*, 71 D.P.R. 191, 201, declarando no haber lugar a la consignación hecha por el primero a los fines del retracto litigioso provisto por el artículo 1425 del Código Civil. En consecuencia, *se dejará sin efecto la resolución del tribunal inferior declarando sin lugar la moción sobre sentencia por las alegaciones, y se dictará la sentencia que debió haber dictado el tribunal inferior, declarando sin lugar la moción sobre consignación.* *Fernández* v. *Corte*, 71 D.P.R. 161.