Jorge Pagán Rivera, recurrente y apelante, *v.* Hon. Tribunal de Distrito, Sala de San Juan, V. M. Fernández, Juez, recurrido.

Número 10976.

*Sometido:* 9 de julio de 1953. *Resuelto:* 10 de agosto de 1953.

362

*E. Martínez Avilés*, abogado del apelante; *Miranda Esteve & Martínez Álvarez, Jr.*, abogados del demandado en el pleito principal.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del Tribunal.

Este litigio envuelve una reclamación de salarios bajo las disposiciones de la Ley núm. 10 de 14 de noviembre de 1917 ((2) pág. 433), tal como fué enmendada por la Ley 182 de 12 de mayo de 1948 ((1) pág. 471). La demanda fué radicada en la Sala de San Juan del Tribunal de Distrito de Puerto Rico (antes Tribunal Municipal). El 17 de febrero de 1953 el tribunal señaló el día 4 de marzo a las 2 p. m. para la celebración del juicio. En esa fecha comparecieron ambas partes ante el tribunal y la parte demandada planteó una cuestión de derecho en cuanto a la alegada falta de jurisdicción del tribunal, y de ausencia de hechos constitutivos de una reclamación válida. El tribunal pidió que se presentase la prueba de ambas partes y el abogado del demandante expuso que él no estaba listo para la celebración del juicio porque él estaba bajo la creencia de que en esa vista solamente se discutirían las cuestiones de derecho sin que las partes estuviesen obligadas a presentar su prueba. A petición del demandado el tribunal desestimó la demanda por el

fundamento de que el demandante no había cumplido con su obligación de presentar su prueba en la fecha previamente señalada para el juicio. La sentencia dictada por el tribunal lee de la siguiente manera:

"En el día de hoy 4 de marzo de 1953 y a las 2:12 minutos de la tarde se llamó a la vista de la querella de este título, compareciendo el demandante Jorge Pagán Rivera representado por su abogado Lcdo. E. Martínez Avilés y el demandado Antonio Martínez por la representación de su abogado Lcdo. A. Miranda Esteve.

"El abogado del demandante expone que no está listo para la celebración del juicio por haber sido llamado a error por las defensas especiales que es una de causa de acción y de falta de jurisdicción que no han sido expuestas previamente al hecho controversial, y que deben resolverse antes del juicio.

"El demandado por su parte solicita se tenga al demandante por desistido de la continuación de este pleito y la Corte entiende que el demandante venía obligado a traer su prueba en el día de hoy, a los efectos de sustanciar el caso, y no habiéndolo hecho declara con lugar la moción de que se le tenga por desistido de la continuación de este pleito sin especial condenación de costas por no fijarlas la ley."

Al día siguiente de haberse dictado esa sentencia, o sea, 5 de marzo de 1953, el demandante radicó una nueva demanda o querella, en que alegaba exactamente los mismos hechos expuestos en la demanda que había sido desestimada. El demandado alegó que debía ser desestimada la segunda querella ya que la sentencia dictada el día 4 de marzo constituía cosa juzgada y servía como impedimento contra la presentación de una nueva demanda. El 25 de marzo de 1953 la Sala de San Juan del Tribunal de Distrito dictó una sentencia desestimando la segunda querella por el fundamento de que el caso había sido ya resuelto definitivamente en el caso anterior entre las mismas partes, indicando el tribunal que la sentencia anterior constituía *res judicata* que impedía una nueva demanda.

El 30 de marzo de 1953 el demandante interpuso un recurso de apelación contra la sentencia dictada el 25 de marzo

que había sido notificada el 27 del mismo mes. El 31 de marzo del año en curso el demandante radicó en la Sala de San Juan del Tribunal Superior una petición de *certiorari*, en que solicitaba la anulación de las dos sentencias dictadas por el Tribunal de Distrito. El 23 de abril de 1953 el Tribunal Superior, Sala de San Juan, dictó una opinión y sentencia desestimando la petición de certiorari y anulando el auto de certiorari ya expedido y resolviendo que las dos sentencias eran válidas bajo la Regla 41(*b*) de las Reglas de Enjuiciamiento Civil. Contra esa sentencia ha apelado el demandante para ante este Tribunal.

La sección 5 de la Ley núm. 10 de 14 de noviembre de 1917 (ley de reclamación de salarios), según enmendada dispone lo siguiente:

"Si las partes no comparecieren al acto del juicio, o si compareciere sólo el querellado, la corte desestimará la reclamación, pero si sólo compareciere el querellante, la corte, a instancias del querellante, dictará sentencia contra el querellado concediendo el remedio solicitado. En uno u otro caso la sentencia será final y de la misma no podrá apelarse; *Disponiéndose, sin embargo,* que la parte perjudicada podrá acudir de la corte municipal al tribunal de distrito correspondiente, o del tribunal de distrito en que se haya originado la reclamación al Tribunal Supremo, dentro de los 5 días siguientes a la notificación de la sentencia, para que se revisen los procedimientos."

La sección 6 de la misma ley citada tal como fué enmendada por la Ley núm. 17 aprobada el 11 de abril de 1945 (pág. 45), dispone, lo siguiente:

"Sección 6.—Antes de empezar a practicar la prueba, la corte resolverá todas las cuestiones de derecho que le fueren sometidas; *Disponiéndose,* que si las cuestiones planteadas, en razón de su importancia, requieren estudio, a instancias del querellante, la corte concederá a las partes término para el estudio de las mismas.

'No se desestimará ninguna querella por defecto de forma únicamente.

'En la práctica de la prueba, se concederá a las partes la mayor amplitud que sea posible."

De acuerdo con la sección 6 antes transcrita la Sala de San Juan del Tribunal de Distrito de Puerto Rico estaba obligada a resolver previamente las cuestiones de derecho que habían sido sometidas antes de que se iniciase la presentación de la prueba. El tribunal ya mencionado no cumplió, en este caso, con su obligación y no resolvió previamente las cuestiones de derecho sometidas sino que insistió en que el querellante presentase su prueba antes de que se resoliviesen tales cuestiones. El querellante no venía obligado a presentar su prueba hasta que la corte resolviese las cuestiones de derecho que habían sido planteadas. La propia sección 6 determina que el querellante tiene derecho a solicitar del tribunal que conceda a las partes un término para el estudio de tales cuestiones, si ellas son lo suficientemente importantes. Bajo esas circunstancias la omisión del querellante de tener lista su prueba en el día señalado para juicio no equivalía a un abandono de la acción que justificase una sentencia de desestimación. El querellante no tenía que empezar a practicar la prueba ya que el tribunal no tomó providencia alguna en cuanto a las cuestiones de derecho que habían sido planteadas. En tal virtud es errónea la sentencia de desestimación dictada el día 4 de marzo de 1953 y, por consiguiente fué también errónea la sentencia dictada el 25 de marzo de 1953.

Naturalmente, la decisión que hemos adoptado se limita, en sus alcances a las circunstancias específicas de este caso en virtud de lo dispuesto por la sección 6 ya discutida. No estamos anticipando juicio en cuanto a otras situaciones que puedan surgir en casos que no estén cubiertos por la ley de reclamación de salarios, ni es aplicable en su dictamen a aquellos casos, aun de reclamación de salarios, en que el tribunal haya resuelto previamente las cuestiones de derecho que puedan ser sometidas.

En virtud de lo expuesto, actuó erróneamente el Tribunal Superior, Sala de San Juan al dictar sentencia el 23 de abril de 1953 anulando el auto de certiorari expedido, y al

resolver que eran válidas las dos sentencias dictadas por la Sala de San Juan del Tribunal de Distrito.

*Debe revocarse la sentencia apelada y devolverse el caso al tribunal a quo para que se sigan aquellos procedimientos que no sean incompatibles con esta opinión.*

El Juez Asociado Sr. Belaval concurre con el resultado.