BORINQUEN FURNITURE, INC., peticionaria y apelada, *v.* TRIBUNAL DE PRIMERA INSTANCIA DE PUERTO RICO, TRIBUNAL DE DISTRITO, SALA DE SAN JUAN, HON. FRANCISCO M. MONSERRATE, JUEZ, demandado; MARÍA Z. UMPIERRE. interventora y apelante.

Número 11313.

*Sometido:* 3 de enero de 1956.  *Resuelto:* 31 de enero de 1956.

*Leopoldo C. Delucca,* abogado de la apelante; *Gilberto J. Marxuach,* abogado de la apelada.

El Juez Asociado Señor Saldaña emitió la opinión del Tribunal.

¿Es apelable ante este Tribunal Supremo la sentencia o resolución final que dicta el Tribunal Superior (después de considerar los méritos) en un procedimiento de *certiorari* para revisar actuaciones del Tribunal de Distrito? Esa es la única cuestión que plantea este caso y, como explicamos a continuación, creemos que la respuesta a la pregunta así formulada debe ser negativa. Sólo podría lograrse la revisión de dicha sentencia o resolución si este Tribunal, ejercitando la discreción que le confiere la Ley de la Judicatura de 1952 ((2) pág. 31), resuelve que debe expedirse un *certiorari* para ese fin.

Los hechos concretos del caso de autos son sencillos. La parte aquí apelante trabó un embargo en un pleito sobre cobro de dinero ante el Tribunal de Distrito. Intervino la apelada solicitando la anulación y dicho tribunal, luego de celebrar la vista correspondiente, dictó una sentencia negándose a anular el embargo. Mediante *certiorari* la apelada recurrió al Tribunal Superior. Se expidió el auto, y el Tribunal Superior, después de considerar los méritos, dictó sentencia declarando con lugar la solicitud de *certiorari* y anulando la sentencia del tribunal de primera instancia. Así las cosas, se estableció el presente recurso de apelación contra la referida sentencia del Tribunal Superior.

Aunque ninguna de las partes suscitó el punto, consideramos *motu proprio* si la sentencia del tribunal admitía ape-

lación(¹) y finalmente resolvimos desestimar el recurso.(²) Ahora se solicita reconsideración por los fundamentos siguientes: *primero*, que ni la Ley Orgánica de la Judicatura de 1950 ni la Ley de la Judicatura de 1952 prohiben dicha apelación, y, *segundo*, que la sentencia es apelable a tenor del art. 295 del Código de Enjuiciamiento Civil, tal como el mismo ha sido interpretado por este Tribunal Supremo en el pasado, a pesar de que por disposición expresa de la ley sólo se concede una apelación (al Tribunal Superior) en casos provenientes del Tribunal de Distrito.(³)

Nadie ignora que, a partir de nuestra decisión en el caso de *Pérez Segovia*, (⁴) ya el *certiorari* no está limitado a la revisión de errores de procedimiento y de jurisdicción. Sirve también, como el recurso de apelación, para plantear errores de derecho sustantivo. Es verdad que no basta pedir el *certiorari* para obtenerlo, pues en principio es un remedio discrecional y supletorio, mientras que la apelación constituye un derecho.(⁵) Pero si el Tribunal Superior expide el auto, la revisión tiene el mismo alcance y cumple la misma función que la revisión por vía de apelación.(⁶)

---

(¹) Véanse *Del Valle, Ex parte*, 69 D.P.R. 663, 664 (1949) ; *López* v. *Pérez*, 68 D.P.R. 312, 315 (1948) ; *Santana* v. *Salinas*, 54 D.P.R. 116, 120 (1939) y *Oller* v. *López*, 42 D.P.R. 697 (1931).

(²) En virtud de la *Resolución* que dictamos en septiembre 23 de 1955, con el voto disidente de los Jueces Asociados, Señores Marrero y Pérez Pimentel.

(³) La sec. 19 de la Ley de la Judicatura de 1952 lee:
"Por la presente se establece el derecho a apelar al Tribunal Superior de cualquier sentencia final del Tribunal de Distrito . . . *Una ulterior revisión sólo podrá lograrse mediante certiorari ante el Tribunal Supremo, a ser librado por dicho Tribunal a su discreción*" . . . 4 L.P.R.A. sec. 37.

(⁴) *Pérez Segovia* v. *Corte*, 69 D.P.R. 4 (1949). Cf. Toledo Alamo, El Certiorari Clásico en Puerto Rico, 16 Rev. Jur. de la U.P.R. 315 (1947).

(⁵) Conviene consignar que, a pesar de ser supletorio en principio, el auto de *certiorari* a veces se ha concedido en el pasado con indebida liberalidad en los casos en que procede una apelación. Véanse *Vergne* v. *Tribunal Superior*, 77 D.P.R. 22, 30 (1954) ; *Mercado* v. *Corte*, 71 D.P.R. 789, 800 (1950) ; *Camacho* v. *Corte*, 69 D.P.R. 738, 740, 742 (n. 1) (1949) ; Toledo Alamo, *op. cit.*, 335–338, 348–351, 359 y los casos allí citados.

(⁶) En *certiorari* se puede dictar la sentencia que debió dictar el tribunal inferior, igual que sucede en apelación. *Villaronga* v. *Tribunal*, 74 D.P.R. 331, 346 (1953) ; *Long* v. *Tribunal*, 72 D.P.R. 788 (1951) ; *Martí-*

Por otro lado, el precepto de ley que permite una sola apelación en todos los casos procedentes del Tribunal de Distrito es uno de los principios básicos de la organización judicial en Puerto Rico. Fué necesario poner fin a la práctica de apelaciones múltiples porque obviamente éstas constituyen "... un despilfarro económico y ponen en peligro la confianza que deben tener los ciudadanos en los tribunales ..." Sunderland, *Intermediate Appellate Courts*, 6 Am. L. School Rev. 693 (1929).[7] Tenemos por ley el poder del todo discrecional para revisar sentencias dictadas en apelación por el Tribunal Superior, pero únicamente a los fines de (1) conservar la uniformidad de la doctrina judicial, (2) fijar pautas o normas respecto a cuestiones importantes de derecho público o privado, y (3) evitar manifiesta injusticia en la aplicación del derecho. Además, al declarar de plano *no ha lugar* a una petición de *certiorari* ni tenemos que explicar las razones que motivan nuestra negativa ni expresamos criterio.alguno respecto a los méritos del caso. *Bartolomei* v. *Tribunal Superior*, 77 D.P.R. 462 (1954).

De ahí que, tratándose de pleitos que se originan en el Tribunal de Distrito, según la interpretación que damos a la sec. 19 de la referida ley, no cabe una apelación ante el Tribunal Supremo aunque la revisión se consiga mediante *certiorari* ante el Tribunal Superior y no por el trámite ordinario de apelación. Lo contrario sería desvirtuar la Ley de la

---

*nez* v. *Tribunal*, 72 D.P.R. 207 (1951) ; *Fernández* v. *Corte*, 71 D.P.R. 161, 188 (1950) y *Pérez Segovia* v. *Tribunal*, 69 D.P.R. 4, 17 (1948). Por otra parte, no es preciso puntualizar aquí ciertas distinciones que todavía existen entre ambos recursos pero que no afectan la afirmación hecha en la opinión. Por ejemplo, la diferencia respecto al término para la interposición de ambos recursos: Véanse *Rodríguez* v. *Tribunal*, 74 D.P.R. 656 (1953) ; Toledo Alamo, *op. cit.*, 383–386 y los casos allí citados.

[7] El Profesor Sunderland (*op. cit*, supra) añade: "El costo y la incertidumbre de los pleitos siempre han sido las quejas principales contra la administración de la justicia y las apelaciones dobles sin duda aumentan la primera y enfatizan la segunda". Sobre este particular no hay casi discrepancia entre los juristas. Véase Pound, *Appellate Procedure in Civil Cases* (1941), 326–327, 392. También Clark y Rogers, *The New Judiciary Act of Puerto Rico: A Definite Court Reorganization*, 61 Yale ·L. J. 1147, 1161–1165 (1952).

Judicatura de 1952, pues estaríamos permitiendo a los litigantes eludirla fácilmente.

▮ Aunque la interpretación es arte y no ciencia y ninguna teoría jamás proporciona una receta infalible para establecer el sentido correcto y preciso de las leyes, no es menos cierto que ". . . el más destacado y fundamental resorte de la interpretación racional es el elemento teleológico, derivado del fin de la ley . . ." ya que ésta ". . . es siempre medio para obtener un fin, y, por consiguiente, ha de ser interpretada . . . atribuyéndole el sentido que mejor responda a la realización del resultado que por ella se quiere obtener". Castán, Teoría de la Aplicación e Investigación del Derecho (1947) 240.([8]) Nuestro deber de poner en vigor con lealtad escrupulosa las normas contenidas en las leyes, nos impide frustrar o dejar incumplidos los fines que en forma clara e inteligible trazan los preceptos de la sec. 19 de la Ley de la Judicatura de 1952. No podemos convenir con la interpretación literal y formalista del texto de dicha sección que propone la apelante: que la misma sólo se refiere a "sentencias dictadas en apelación por el Tribunal Superior" y no incluye las sentencias que este último tribunal dicta en procedimientos de *certiorari* para revisar actuaciones del Tribunal de Distrito. El sentido literal de la sec. 19 es a lo sumo ambiguo y de importancia secundaria teniendo en cuenta el análisis que hemos hecho del fin esencial de la ley. Es decir, de dos interpretaciones posibles rechazamos la que conduce al absurdo y preferimos la más racional desde el punto de vista de la finalidad de la sec. 19 de la Ley de la Judicatura de 1952. Cf. *United States* v. *Hutcheson*, 312 U.S. 219, 235–236 (1941); Hand, *The Spirit of Liberty* (1953) 103–110, 155–

([8]) Añade que "La verdad es que el análisis de los motivos y finalidades de la norma jurídica supone una delicada y compleja apreciación de intereses prácticos y de ideales éticos y culturales. Sobre todo exige ahondar en las realidades de la vida, en sus exigencias económicas y sociales. Y en esta idea fundamental están conformes las representantes de las más opuestas escuelas." (Pág. 241.) Cfr. además Castán, La Formulación Judicial del Derecho (1954) 18–26, 102–128, 151–160.

159, 215–217; Cox, *Judge Learned Hand and the Interpretation of Statutes*, 60 Har. L. Rev. 370 (1947); Frankfurter, *Some Reflections on the Reading of Statutes*, 47 Col. L. Rev. 527, 533–544 (1947).[9]

En adición a lo expuesto anteriormente, debemos señalar que la sec. 14 de la Ley de la Judicatura de 1952 dispuso lo siguiente:

"Las sentencias finales y resoluciones del Tribunal Superior *que hasta el presente podían ser apeladas del Tribunal de Distrito, podrán ser apeladas al Tribunal Supremo* de acuerdo con los términos y condiciones establecidos por ley y de conformidad con las reglas de procedimiento establecidas por el Tribunal Supremo, excepción hecha de que el derecho a apelar y el alcance de una apelación interpuesta en casos instados bajo la sec. 121 (a) 2, 3 y 4 de este título, serán los mismos que hasta el presente lo han sido y que ahora lo son en los casos instados bajo la sec. 121 (a) 5. Cualquier sentencia o resolución del Tribunal Superior puede ser revisada por certiorari a discreción del Tribunal Supremo." 4 L.P.R.A. 37

La referencia es al art. 35 de la Ley Orgánica de la Judicatura (Leyes de 1950, pág. 1127) que disponía:

"Las sentencias, resoluciones y providencias dictadas por el Tribunal de Distrito de Puerto Rico en acciones y recursos de primera instancia podrán apelarse para ante el Tribunal Supremo de Puerto Rico dentro de los términos y condiciones establecidos por ley.

Las sentencias, resoluciones y providencias dictadas por el Tribunal de Distrito de Puerto Rico *en recursos de apelación o revisión* no podrán apelarse para ante el Tribunal Supremo de Puerto Rico, pero las mismas podrán ser revisables mediante certiorari a discreción del Tribunal Supremo de Puerto Rico."

---

[9] Sobre esto véanse también: Gény, *Méthode d'Interpretation et Sources en Droit Privé Positif* (2a ed. 1919), tomo I, 287–316, y tomo II, 74–190; Bonnecase, *The Problem of Legal Interpretation in France*, 12 *Journal of Comp. Legis. and Int. Law* (3d s.) 90 (1930); Gutteridge, *Comparative Law* (1947) 101–116; Pound, *The Theory of Judicial Decision*, 36 Harv. L. Rev. 940 (1923); *Id.*, *Sources and Forms of Law*, 21 *Notre Dame Lawyer* 247, 291–307 (1946); Cohen, *Law and the Social Order* (1933) 121–147; Reichel, La Ley y la Sentencia (1921) 62–89.

De suerte que, aun atendiendo a la observancia más estricta y literal del texto de la ley, las sentencias del Tribunal Superior dictadas en procedimientos de *certiorari* para revisar actuaciones del Tribunal de Distrito no admitían apelación para ante este Tribunal Supremo desde la fecha de vigencia del art. 35 de la Ley Orgánica de la Judicatura de 1950. La acepción corriente y también técnica del vocablo "revisión" incluye, sin lugar a dudas, la revisión por medio de un auto de *certiorari* de las sentencias, resoluciones y providencias del Tribunal de Distrito.

Por último, en vista de las disposiciones de las leyes que hemos mencionado, no tiene aquí fuerza vinculante la jurisprudencia que, con anterioridad a la fecha de vigencia de las mismas, se elaboró a modo de interpretación del art. 295 del Código de Enjuiciamiento Civil.([10]) Además, la única justificación racional que podía tener la regla jurídica establecida por dicha jurisprudencia era que el *certiorari* sólo planteaba errores de procedimiento y de jurisdicción y sólo permitía una revisión estrecha y limitada en comparación con la revisión en grado de apelación. De ahí que a partir de nuestra decisión en el caso de *Pérez Segovia*, supra, dicha doctrina jurisprudencial quedó desvirtuada y perdió toda su eficacia.

*La moción de reconsideración debe declararse sin lugar.*

---

([10]) Desde 1905 la Ley de Desahucio dispone que no se dará en ningún caso más de una apelación. 32 L.P.R.A. 2830. También en virtud del inciso (2) del art. 295 no se podía (desde 1905) apelar al Tribunal Supremo de sentencias dictadas por las cortes de distrito (hoy Tribunal Superior) en casos procedentes de las cortes municipales (hoy Tribunal de Distrito), cuando la cuantía reclamada en el pleito o la de la sentencia no excedía de trescientos dólares. No obstante, este Tribunal Supremo resolvió que si en estos casos se radicaba una petición de certiorari para revisar la sentencia de la corte municipal, la resolución de la corte de distrito era apelable ante el Supremo. De modo que en vez de un solo juicio y una revisión, se conseguían dos revisiones. *American Railroad Co. of P. R.* v. *Corte*, 16 D.P.R. 239 (1910); *León* v. *Brusi*, 21 D.P.R. 445 (1914); *Agostini* v. *Corte*, 33 D.P.R. 816 (1924); *Giménez* v. *Corte*, 58 D.P.R. 55 (1941); *Stiechll* v. *Corte*, 61 D.P.R. 519 (1943); *Viera* v. *Corte*, 64 D.P.R. 544 (1945); *De León* v. *Corte*, 65 D.P.R. 6 (1945); *González* v. *Corte*, 65 D.P.R. 650 (1946); *Viera* v. *Corte*, 66 D.P.R. 31 (1946); *Latoni* v. *Corte*, 67 D.P.R. 140 (1947). En *Camacho* v. *Corte*, 69 D.P.R. 738 (1949) por vez primera

se resolvió que si la anterior corte de distrito denegaba de plano la petición de *certiorari* no existía sentencia apelable, revocando así un buen número de decisiones contrarias. Sin embargo, aunque en forma de *dictum,* se reafirmó la jurisprudencia anterior respecto a los casos en que la corte de distrito consideraba los méritos del pleito. Es preciso señalar que en *Pagán* v. *Tribunal,* 75 D.P.R. 361 (1953) consideramos la apelación interpuesta contra la sentencia que el Tribunal Superior dictó en un procedimiento de *certiorari* revisando en los méritos una sentencia del Tribunal de Distrito. Allí no discutimos la cuestión de si procedía o no la apelación y cometimos error por lo cual ahora revocamos dicho caso en cuanto a este particular.