JUAN HERNÁNDEZ, peticionario y apelante, *v.* LA CORTE MUNICIPAL de MANATÍ, HON. JOSÉ SOTO SOTO, JUEZ, demandado y apelado.

No. 4238.—*Visto:* Febrero 28, 1928. *Resuelto:* Febrero 24, 1928.

CERTIORARI—NATURALEZA Y FUNDAMENTOS—RESOLUCIONES Y ORDENES DE TRIBUNALES INFERIORES—PROCEDIMIENTOS RELATIVOS A LA EJECUCIÓN DE SENTENCIAS.—Dictada y cumplimentada orden para el cumplimiento de una sentencia sin que ésta hubiere sido notificada a la parte perjudicada por ella, y por tanto, sin haber transcurrido el término para apelar, procede anular, mediante *certiorari,* la orden de ejecución así dictada y las diligencias para su cumplimiento.

RESOLUCIÓN de *Luis Samalea,* J. (Arecibo), anulando auto de *certiorari* expedido. *Revocada.*

*V. Polanco de Jesús,* abogado del peticionario-apelante; *José Soto Soto, Juez Municipal,* apelado y *José E. Díaz,* abogado del demandante en el pleito principal.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Dictada sentencia en una corte municipal condenando al demandado al pago de determinada cantidad de dinero fué librada orden para su cumplimiento y vendida una casa del demandado, quien entonces estableció recurso de *certiorari* ante la Corte de Distrito de Arecibo por el fundamento de que se había procedido a cumplir esa sentencia sin que ésta le hubiera sido notificada, por lo que no había transcurrido el término que tenía para apelarla.

Librado el auto interesado y oídas las partes, la corte de Distrito anuló el auto que había expedido y contra esta resolución fué establecido este recurso de apelación, que está autorizado por el inciso 1º del artículo 295 del Código de Enjuiciamiento Civil y los casos de *The American Rail-*

*road Co. of P. R.* v. *Corte Municipal,* 16 D.P.R. 239, y *Agostini* v. *Corte Municipal,* 33 D.P.R. 816.

El Código de Enjuiciamiento Civil que empezó a regir el primero de julio de 1904 dispuso en su artículo 239 que la parte a cuyo favor se hubiere dictado una sentencia podría en cualquier tiempo, dentro de los cinco años de registrada, obtener una orden de ejecución para su cumplimiento: el artículo 295 que la apelación contra sentencia definitiva dictada por una corte de distrito en un pleito o procedimiento especial comenzado en la corte que lo hubiere dictado se establecerá dentro de un mes después de haberse registrado la sentencia, y dentro de quince días después de registradas las que dictasen en apelación interpuesta contra resolución de una corte inferior: y el artículo 297 que formalizada una apelación producirá el efecto de suspender todo procedimiento en la corte inferior respecto a la sentencia u orden apelada.

Pocos meses después, en marzo de 1905, fué aprobada la ley sobre sentencias y manera de satisfacerlas, cuya sección tercera dispone que cuando el asunto se origine en una corte de distrito, si no se apelare del fallo definitivo dentro de los treinta días siguientes a aquel en que se dicte la sentencia, el secretario expedirá la orden de ejecución en cualquier tiempo después de transcurrido dicho plazo, si así lo solicitara la persona a cuyo favor se hubiere dictado la sentencia; y que del mismo modo se expedirá la orden de ejecución en los juzgados municipales si no se hubiere apelado la sentencia dentro de los diez días después de dictada. De modo que, de acuerdo con esa ley, la orden de ejecución de la sentencia no puede librarse una vez registrada la sentencia, como disponía el artículo 239, sino después de pasar los términos concedidos por la ley para ser apelada, creando así la ley dos modos de quedar suspendida la ejecución de las sentencias, uno mientras transcurre el período dentro del cual pueden ser apeladas, y otro por la apelación interpuesta, según el artículo 297.

En 1908 fué aprobada otra ley para reglamentar las apelaciones contra sentencias de las cortes municipales en pleitos civiles, disponiendo su sección primera que la parte que se creyere perjudicada por una sentencia dictada por una corte municipal en asunto civil podrá apelar de ella para ante la corte de distrito en que radicare la corte municipal, dentro de diez días de dictada la sentencia; y por su sección segunda que "la presentación de dicho escrito de apelación tendrá el efecto de suspender la ejecución de la sentencia." Y en noviembre de 1917 fué enmendada esa sección primera por la Ley No. 13 de ese año en el sentido de que la apelación contra sentencias de las cortes municipales se formalizará dentro de los diez días siguientes al en que se hubiere notificado la sentencia a la parte contra la cual se hubiere dictado, o a su abogado, por lo que, actualmente, desde dicha notificación es que empieza a correr el término para establecer la apelación y no desde que la sentencia se dictó.

Como la sección tercera de la Ley de 1905 sobre sentencias y manera de satisfacerlas, preceptiva de que la orden de ejecución contra las sentencias de las cortes municipales no será expedida hasta que transcurra el término concedido para interponer ese recurso no ha sido enmendada, subsiste la suspensión de ejecución de la sentencia durante el período de tiempo en que la sentencia puede ser apelada y además la suspensión producida por la interposición de la apelación, según la sección segunda de la Ley de 1909, análoga al artículo 297 del Código de Enjuiciamiento Civil, preceptos éstos que no están en contradicción con dicha Ley de 1905 porque se refieren a situaciones diferentes, una producida por la voluntad de una parte con la interposición de la apelación, y otra por ministerio de la ley durante el período que tiene la parte perjudicada para interponer su apelación, y por esto no puede sostenerse que por subsistir la sección segunda de la Ley de 1909 sobre apelaciones contra sentencias de las cortes municipales, según la cual la in-

terposición de la apelación produce el efecto de suspender la ejecución de la sentencia, sea éste el único medio por el cual la sentencia no puede cumplirse y que pueda llevarse a efecto su cumplimiento tan pronto es dictada, a pesar de que no haya transcurrido el término para apelar, ni que sea un caso omiso ya que la Legislatura ha establecido esas dos maneras de quedar suspendida la ejecución de la sentencia.

En vista de lo expuesto y toda vez que en este caso la sentencia fué cumplida sin ser notificada a la parte perjudicada por ella y sin que, por consiguiente, hubiera empezado a correr el término de diez días que tenía para apelarla, *debe revocarse la resolución apelada* de la corte de distrito y dictarse otra declarando *nula la orden de ejecución de sentencia* que libró la Corte Municipal de Manatí, así como las diligencias para su cumplimiento

Los Jueces Asociados Señores Wolf y Hutchison disintieron.