SANTANDER NATIONAL BANK
(SUSTITUIDO POR OLIMPIC MORTGAGE BANKERS CORP.)
Demandante-Apelada

v.

PEREZ & PEREZ AUTO PARTS, INC.
Demandadas-Apelantes

Núm. KLAN- 95-00168

San Juan, Puerto Rico, a 26 de mayo de 1995

Panel integrado por su presidente, la Juez López Vilanova
y los Jueces Delgado Hernández y Rodríguez García

Delgado Hernández, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Atendemos una *"Petición"* de Gladys y María Milagros Pérez Butler para revisar la Resolución del Tribunal de Primera Instancia, anterior Tribunal de Distrito, Sala de San Juan, que se negó a dejar sin efecto una sentencia y venta en pública subasta de una residencia por falta de jurisdicción y defectos de notificación de subasta. Revocamos.

### I

Santander National Bank otorgó un préstamo a Pérez & Pérez Auto Parts, Inc., garantizado por Gladys y María Pérez Butler. Gladys Pérez constituyó una hipoteca sobre su residencia como garantía.

Por falta de pago, el Banco presentó una demanda en la cual reclamó el principal más intereses, costas y honorarios; y la venta en pública subasta del inmueble para satisfacer la sentencia.

El Tribunal de Instancia dictó sentencia en rebeldía por incomparecencia de los demandados y expidió una orden de ejecución sobre el bien hipotecado, el cual se vendió en pública subasta el 20 de abril de 1994.

El 2 de mayo de 1994, María y Gladys Pérez presentaron una *"Moción de Anulación de Subasta y Revocación de Sentencia por Falta de Jurisdicción"*, en la cual alegaron que el tribunal nunca adquirió jurisdicción sobre ellas porque no se les emplazó adecuadamente. También adujeron que debía de anularse la subasta por incumplimiento de los correspondientes requisitos de notificación. El 9 de agosto de 1994, el Tribunal de Instancia denegó lo solicitado.

De dicha denegatoria han recurrido María y Gladys Pérez. Reiteran que se debe de dejar sin efecto la sentencia por defectos en el emplazamiento; y anular la subasta por defectos de notificación.

### II

El emplazamiento es el paso inagural del debido procedimiento de ley que permite el ejercicio de la jurisdicción del tribunal para adjudicar los derechos de un demandado. *Rivera v. Rivera Burgos,* 113 D.P.R. 750, 753-754 (1983). Su principal propósito es notificar al

demandado que se ha instado una acción judicial en su contra para garantizarle su derecho a ser oído. *Banco Central Corp. v. Capitol Plaza,* **94 J.T.S. 57,** Op. del 13 de abril de 1994, pág. 11810; *Mundo v. Fuster,* 87 D.P.R. 363 (1963).

María Pérez fue emplazada por edicto. Impugna la declaración jurada que sirvió para emplazarla de esa forma. El emplazamiento por edicto se rige por la Regla 4.5 de Procedimiento Civil, 32 L.P.R.A. Ap. III.

Los requisitos para emplazar son de estricto cumplimiento. *Rodríguez v. Nasrallah,* 118 D.P.R. 93, 98 (1986). J.A. Cuevas Segarra, *Práctica Procesal Puertorriqueña, Procedimiento Civil,* Vol. II, **Publicaciones J.T.S.,** San Juan, 1979, pág. 44. Su adulteración se considera como una flagrante violación del trato justo. *Reyes Martínez v. Oriental Federal,* **93 J.T.S. 50,** Op. del 7 de abril de 1993, pág. 10567.

Para un tribunal autorizar un emplazamiento por edicto, el demandante tiene que haber intentado efectuar previamente un emplazamiento personal, y haber sometido una declaración jurada con expresión de las diligencias efectuadas.

La declaración jurada debe contener hechos específicos que demuestren las diligencias hechas, no meras conclusiones o generalidades. De lo contrario, no podría sostener este tipo de emplazamiento. *Banco Central Corp. v. Capitol Plaza, supra.* A tenor con estos principios, no debió de autorizarse el emplazamiento por edictos de María Pérez.

Primero, el emplazador expresó en su declaración jurada haber visitado el Apartamento 10F del Condominio Centrum Plaza, en Hato Rey, y que allí Gladys Pérez se negó a comunicarle el paradero de su hermana. Del expediente surge que Gladys Pérez no reside en dicho Apartamento, sino en el Apartamento 11F.

Segundo, el emplazador indicó haber preguntado por María Pérez en un *"restaurante chino"* en Bayamón y que el dueño del local le informó no conocerla. Sin embargo, no especificó el nombre de la persona con la cual habló, ni proveyó, el nombre del local que adujo haber visitado.

Tercero, el emplazador afirmó haber hecho diligencias en tres (3) lugares distintos procurando a Gladys Pérez. La persona a emplazar era María Pérez.

Toda vez que los requisitos para emplazar son de estricto cumplimiento, la declaración jurada es insuficiente para sostener el emplazamiento por edicto efectuado en este caso.

Por su parte, Gladys Pérez alega no haber sido emplazada personalmente. Aunque existe una certificación en sentido contrario, lo que confiere jurisdicción al tribunal es el hecho de la citación y no la certificación que de la entrega del emplazamiento haga el diligenciante. *Philip Morris, Inc. v. Tribunal Superior,* 103 D.P.R. 207, 212 (1975).

Habida cuenta que la codemandada negó haber sido emplazada y de que la parte demandante aseveró lo contrario, el Tribunal de Instancia erró al no celebrar una vista en la cual se pudiera presentar prueba sobre este extremo. Véase *Ortiz Serrano v. Ortiz Díaz,* 106 D.P.R. 445, 449-450 (1977) (Al amparo de la Regla 49.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, el tribunal debe citar a una vista cuando sea necesario recibir prueba para dilucidar lo planteado).

Por último, debe anularse la subasta. Una sentencia no es ejecutable si no ha sido notificada adecuadamente. *Hernández v. Corte Municipal,* 37 D.P.R. 786 (1928); J. A. Cuevas Segarra, *ob. cit.* pág. 276.

La Regla 65.3(b) de Procedimiento Civil dispone:

*"El secretario notificará el archivo de una orden o sentencia a las partes en rebeldía por falta de comparecencia remitiéndoles, cuando su identidad fuere conocida, copia de la notificación a la última dirección conocida, y, si su identidad fuere desconocida o figurare con un nombre ficticio... publicando una copia de la notificación en un periódico de circulación general una vez por semana durante dos semanas consecutivas."*

Del récord se desprende que se notificó la sentencia por medio del periódico a pesar de que la identidad de la hipotecante Gladys Pérez no era desconocida. Aún cuando no se conociera su identidad, sólo se publicó la notificación en una ocasión, contrario a lo dispuesto en la Regla 65.3(b).

A tenor con lo expuesto, se expide el auto. Se deja sin efecto la sentencia en cuanto a María Pérez y se anula la subasta. Se devuelve el caso al foro de instancia para que continúen los procedimientos conforme a lo aquí resuelto.

NOTIFIQUESE.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General