ARTURO RODRÍGUEZ POU, sustituído por CHESTER G. MERCURY, demandante y apelado, *v.* ENRIQUE MARTÍNEZ, JR., demandado y apelante.

Núm. 9665.—*Sometido:* Enero 26, 1947. *Resuelto:* Marzo 19, 1948.

*Juan B. Soto* y *Juan F. Soto,* abogados del apelante; *Víctor A. Coll,* abogado del apelado.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

Arturo Rodríguez Pou obtuvo una sentencia contra Enrique Martínez, Jr., por $1,500 por concepto de daños y perjuicios, más las costas y $250 para honorarios de abogado, la cual quedó firme el 8 de junio de 1939. *Rodríguez* v. *Martínez, Jr.,* 55 D.P.R. 59. No habiendo sido satisfecha dicha sentencia, el apelado presentó en la corte inferior el 2 de junio de 1947 este pleito en cobro de la misma. En la contestación, Martínez, Jr., aceptó que se había dictado la sentencia en su contra y que había sido confirmada por este Tribunal el 8 de junio de 1939. Negó, sin embargo, la alegación de que no la había pagado ni en todo ni en parte y que desde el 12 de abril de 1938, fecha de la sentencia de la corte inferior, se hubieran devengado intereses al nueve por ciento anual sobre la suma de $1,750 ($1,500 de principal y $250 de honorarios) que hacen un total de principal e intereses de $3,167.50.

Como materia de defensa alegó: (*a*) que la demanda no aducía hechos constitutivos de causa de acción; y (*b*) que la acción está prescrita de conformidad con el núm. 2 del artículo 1868 del Código Civil, complementado por los artículos 1802 y 1871 del citado Código. Fundó esta alegación en que tratándose de una acción para exigir el cumplimiento de una sentencia de daños y perjuicios derivados de culpa o negligencia, el término de prescripción es el de un año, de conformidad con el artículo 1868 y que la demanda en este caso se radicó nueve años después de ser firme la sentencia. El 8 de septiembre de 1947 el apelado sometió al apelante el siguiente interrogatorio:

"Diga usted si ha pagado al demandante Arturo Rodríguez Pou o a su representante, en parte o en todo, la suma de $1,500 o cualquiera otra suma de dinero motivada por la sentencia recaída en el pleito civil núm. 27,896 de la Corte de Distrito de San Juan con fecha 12 de abril de 1938; y si la ha pagado, diga usted en qué fecha, qué cantidad, en qué forma y a qué persona o personas la ha pagado usted."

El interrogatorio fué contestado así:

"Que no ha pagado al demandante Arturo Rodríguez Pou o a su representante, en parte o en todo, la suma de MIL QUINIENTOS DÓLARES ($1,500) o cualquiera otra suma, motivada por la sentencia recaída en el pleito civil núm. 27,896 de la Corte de Distrito de San Juan, el 12 de abril de 1938."

Basándose en las alegaciones y en la contestación al interrogatorio, la corte, a instancias del apelado, dictó la sentencia que motiva este recurso de apelación.

El apelado presentó en este Tribunal una moción solicitando la desestimación del recurso por frívolo. El apelante se opone.

Nos parece claro que las alegaciones esenciales de la demanda han sido admitidas por la contestación a la demanda y por la contestación al interrogatorio. Sólo nos resta determinar si la demanda aduce hechos constitutivos de causa de acción y si cuando se radicó, la acción para cobrar la sentencia había prescrito.

Como hemos visto, en la demanda se alega que el apelado obtuvo sentencia contra el apelante por determinada cantidad y que la misma no ha sido satisfecha ni en todo ni en parte. Esos hechos constituyen causa de acción. Al quedar firme la sentencia dictada en el pleito de daños y perjuicios, aquella acción se esfumó surgiendo, *ipso facto*, entre las partes, la relación de acreedor y deudor por sentencia. *Rosario* v. *Ruiz*, 62 D.P.R. 326, 331, nota 2. Sentencia del Tribunal Supremo de España de 15 de diciembre de 1908, 112 Jur. Civil 974. Es en cobro de este crédito por sentencia que se instituyó el presente pleito. Siendo ésta

una acción personal que no tiene señalado término especial para su ejercicio, no prescribe de conformidad con el artículo 1864 del Código Civil hasta quince años después del 8 de junio de 1939, en que quedó firme la sentencia. Artículo 1871 del Código Civil. *Valiente* v. *Buxó,* ante pág. 132. Sentencia del Tribunal Supremo de España de 15 de diciembre de 1908, supra.

■ La contención del apelante al efecto, de que las dos defensas antes aludidas no se resolvieron antes de dictarse la sentencia final, carece de méritos. Precisamente, la moción solicitando sentencia por las alegaciones puso a prueba la suficiencia de la demanda, de la contestación y de la defensa de prescripción, toda vez que, en cuanto a esta última, la fecha en que quedó firme la sentencia constaba de la faz de la demanda. Parece claro que si la corte hubiera opinado que la demanda no aducía hechos o que la acción estaba prescrita—no habiéndose, como en este caso, renunciado a esa defensa—no hubiera dictado la sentencia por las alegaciones. Al así hacerlo, implícitamente fueron resueltas las dos defensas alegadas por el apelante.

■ Por primera vez en su alegato ante este Tribunal el apelante alegó que la sentencia por daños y perjuicios era nula porque para la fecha en que se radicó la demanda de daños y perjuicios el demandado era menor de edad y aunque compareció representado por su padre con patria potestad, la corte no le nombró un defensor judicial de conformidad con el artículo 56 del Código de Enjuiciamiento Civil.

Esta cuestión requiere que hagamos una breve reseña de la demanda radicada en el pleito de daños y perjuicios. El apelante fué demandado en aquel caso por daños y perjuicios por negligencia en el manejo de un automóvil. Su padre lo fué conjuntamente con él en su carácter de fiador porque cuando el apelante solicitó licencia para conducir vehículos de motor tenía más de dieciséis años, pero menos de dieciocho, y para obtenerla en esas condiciones, era nece-

sario que el padre prestase, y en efecto prestó, una fianza con arreglo al artículo 5 *c* de la Ley núm. 75 aprobada el 13 de abril de 1916 (pág. 144).([1]) Pero como al ocurrir el accidente el menor tenía ya más de diez y ocho años, alegó el padre que la fianza había caducado, toda vez que después de cumplidos los diez y ocho años el menor no necesitaba de tal fianza para poder manejar vehículos de motor. Así se resolvió en *Rodríguez* v. *Martínez, Jr.,* supra.([2]) Inmediatamente se verá que no existían intereses opuestos entre el padre y el hijo. Artículo 160 del Código Civil.([3]) Es verdad que de conformidad con el artículo 56 del Código de Enjuiciamiento Civil([4]) el defensor puede, además, ser nombrado en cualquier caso cuando la corte "juzgare conveniente que el menor, demente o persona incapacitada sea representada por dicho defensor". *Biaggi* v. *Corte,* ante, pág. 407. Pero en el presente caso la corte

([1])El artículo 5c de dicha Ley prescribe:

"No se expedirá licencia a persona menor de diez y seis años de edad. Se podrá expedir licencia a una persona cuya edad fluctúe entre los diez y seis y diez y ocho años, para manejar su propio automóvil o el de la persona bajo cuya patria potestad se encuentre, siempre que ésta consintiere, mediante escrito presentado al Comisionado del Interior, en hacerse responsable de todas las multas que se impusieren al conductor por cualquier infraccicón de esta Ley, y por todos los daños que pueda causar. Fuera de este caso no se expedirá ninguna licencia a personas menores de diez y ocho años."

([2])En la opinión dictada en dicho caso se dijo que la demanda no alegaba ni resultaba de la prueba que al tiempo de ocurrir el accidente el menor Enrique Martínez viviera con su padre y que la responsabilidad exigida al demandado Martínez (padre) no estaba basada en el artículo 1803 del Código Civil que hace al padre, y por muerte o incapacidad de éste a la madre, responsable de los perjuicios causados por los hijos menores de edad que vivan en su compañía.

([3])El artículo 160 del Código Civil en lo pertinente, prescribe:

"Siempre que en algún asunto el padre o la madre tengan un interés opuesto al de sus hijos no emancipados, la corte de distrito nombrará a éstos un defensor que los represente en juicio y fuera de él."

([4])El artículo 56 del Código de Enjuiciamiento Civil prescribe:

"Cuando un menor, demente o persona incapacitada es parte en un litigio, deberá comparecer, bien por medio de su tutor general, o de un defensor nombrado por la corte que entienda en el asunto, en cada caso, o por el juez de la misma. El defensor puede ser nombrado en cualquier caso, cuando la corte que conoce del asunto, o el juez de la misma juzgare conveniente que el menor, demente o persona incapacitada sea representada por dicho defensor, aun cuando tuviere tutor general y haya comparecido por medio de éste."

no juzgó conveniente nombrarlo, ni había motivos para dudar que el padre no estuviese capacitado para representar a su hijo.

██ Se queja el apelante de que el padre no presentó pruebas para impedir la sentencia en contra del hijo; pero él no estaba obligado a ofrecer prueba si en realidad no la tenía. Sea ello como fuere, el apelante no ha demostrado que tal defensa existiera y que el padre, por malicia o negligencia, dejara de presentarla. *Cf. Díaz* v. *Sucn. Díaz,* ante, pág. 249.

█ Observamos, sin embargo, que existe un error no señalado por el apelante, en la computación de los intereses que empezó a devengar la sentencia desde que fué dictada por la corte de distrito. *Franceschi, Ex Parte,* 53 D.P.R. 75. El interés a que tiene derecho el apelado es el legal. El tipo del interés legal es el seis por ciento y no el nueve por ciento, como reclamó el apelado y concedió la corte. De no ser por este error, la apelación sería claramente frívola.

█ Mientras preparábamos esta opinión, el apelante presentó una moción solicitando ser oído sobre el caso en sus méritos. Al celebrarse la vista sobre la moción para desestimar, ambas partes informaron ampliamente sobre los méritos del caso y nada nuevo podrían decirnos en la vista solicitada que no hayan dicho en sus informes orales y en sus alegatos que también conocemos. Dada la convicción que tenemos de que, aparte del error cometido en cuanto a los intereses, la apelación es frívola, a ningún fin práctico conduciría la celebración de la nueva vista ni dejar pendiente el caso para más tarde, al resolverlo en sus méritos, tener que confirmar la sentencia modificándola en cuanto al tipo de interés. Opinamos que se beneficiarían los fines de la justicia dictando de una vez sentencia en los méritos con la modificación antes indicada.

*Procede, por lo expuesto, modificar la sentencia en el sentido de computar los intereses a razón de seis por ciento anual sobre los $1,750. Así modificada se confirma.*