ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| BANCO POPULAR DE PUERTO RICO<br><br>Apelante<br><br>v.<br><br>MANUEL BARRIO HUERTAS Y OTROS<br><br>Apelado | KLAN202500222 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.: PO2024CV02743<br><br>Sobre: Cobro de Dinero |
|---|---|---|

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero, el Juez Campos Pérez y el Juez Sánchez Báez

Campos Pérez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de mayo de 2025.

Comparece el Banco Popular de Puerto Rico (BPPR o apelante) y nos solicita la revocación de la *Sentencia* emitida el 11 de febrero de 2025 por el Tribunal de Primera Instancia, Sala Superior de Ponce (TPI).[1] Mediante el referido dictamen, el TPI desestimó con perjuicio la causa de acción del apelante. En consecuencia, ordenó la tramitación de las contenciones entre los litigantes en el caso civil JCD2011-1252.

Por los fundamentos que expondremos a continuación, revocamos la *Sentencia* apelada.

**I.**

El 23 de septiembre de 2024, el BPPR presentó una *Demanda* sobre cobro de dinero contra los miembros de la sucesión del señor Manuel Barrio Viel (señor Barrio Viel), compuesta por el señor Manuel Barrio Huertas (señor Barrio Huertas) y demás herederos desconocidos.[2] Arguyó que, el 22 de febrero de 2012, instó junto al señor Barrio Viel una *Estipulación para que se dicte Sentencia y sobre*

---

[1] Notificada el 12 de febrero de 2025.
[2] Véase, Apéndice del Apelante, págs. 1-2.

*el pago de la misma.* En ésta, el señor Barrio Viel reconoció que tenía una deuda con el BPPR por concepto de tres tarjetas de crédito y aceptó pagar una suma adicional de $2,500.00 en caso de que incumpliera con el plan de pago estipulado. Así las cosas, el 22 de febrero de 2012, el TPI aprobó el acuerdo entre las partes y dictó la *Sentencia* del pleito JCD2011-1252.

En la reclamación civil de autos, el BPPR alegó que el señor Barrio Viel incumplió con el acuerdo de pago, ya que el recibo de los pagos cesó a partir del 22 de julio de 2022. Y es que, según información y creencia del apelante, el señor Barrio Viel falleció en el año 2023. El BPPR alegó que la obligación dineraria dejada por el señor Barrio Viel ascendía a $22,146.78 y que adeudaba, además, la suma pactada de $2,500.00. Por todo esto, el BPPR solicitó que los herederos del señor Barrio Viel se expresaran en cuanto a la aceptación o repudiación de la herencia del causante Barrio Viel;[3] y en caso de aceptación tácita o expresa, respondieran solidariamente.

El señor Barrio Huertas compareció mediante *Contestación a Demanda* el 30 de diciembre de 2024.[4] Aseveró que el señor Barrio Viel falleció el 27 de noviembre de 2014[5] y que el BPPR conocía de su fallecimiento. Particularmente, alegó que, por razones de salud, su padre no participó de la estipulación que dio finalidad al pleito JCD2011-1252, sino que actuó en su nombre, por virtud de un poder especial ante notario.[6] Alegó que el BPPR realizó negociaciones con él, las cuales se apartaron de las estipulaciones presentadas en el pleito original. Adujo también que el BPPR no acudió al TPI para solicitar que se modificaran las estipulaciones ni solicitó sustitución de parte. Por todo esto, el señor Barrio Huertas solicitó la

---

[3] Refiérase al Artículo 1578 del Código Civil de 2020, *Interpelación*, 31 LPRA sec. 11021; similares a los Artículos 958 y 959 del Código Civil de 1930 (derogado), 31 LPRA ants. secs. 2786 y 2787.
[4] Véase, Apéndice del Apelante, págs. 7-20.
[5] Véase, Apéndice del Apelante, pág. 13.
[6] Véase, Apéndice del apelante, págs. 14-20.

desestimación del pleito por incumplir con la Regla 22.1 (B) de Procedimiento Civil, 32 LPRA Ap. V.

Por su parte, la señora Lourdes Barrio compareció el 2 de enero de 2025 mediante su propia *Contestación a Demanda*.[7] Sostuvo que BPPR no solicitó ejecución de sentencia por falta de pago ni presentó una petición de sustitución de parte para que la sucesión del señor Barrio Viel entrara oportunamente al pleito. Arguyó que el BPPR conocía del fallecimiento del señor Barrio Viel ya que el apelante cerró las cuentas del finado. Por ello, solicitó la desestimación de la acción civil y que todo lo relacionado a la deuda se tramitara a través del caso original JCD2011-1252.

En respuesta, según compelido por el TPI,[8] la representación legal del BPPR incoó *Moción en cumplimiento de Orden*,[9] en la que aseguró que advino en conocimiento de la muerte del señor Barrio Viel en el año 2023.[10] Aclaró que la sucesión no informó del fallecimiento del deudor a la unidad de cobro. Añadió que el cierre de la cuenta tampoco generaba una notificación a dicha unidad. Adujo, por igual, que las aludidas concesiones a las estipulaciones, en consideración a la enfermedad del deudor, no impedían el cobro de la acreencia.

Evaluadas las posturas, el 11 de enero de 2025, notificada al siguiente día, el TPI emitió una *Sentencia* en la cual desestimó con perjuicio la *Demanda* incoada por BPPR.[11] Razonó el foro primario que "*todo trámite legal entre el demandante y la sucesión del Sr. Manuel Barrio Viel debe ser atendido en el pleito original JCD2011-1252 donde ya existe una Sentencia Final y Firme*".

---

[7] Véase, Apéndice del Apelante, págs. 21-24.
[8] Véase, Apéndice del Apelante, págs. 25-26.
[9] Véase, Apéndice del Apelante, págs. 27-31 y 44-48.
[10] Véase, Apéndice del Apelante, págs. 33-37 y 51-55.
[11] Véase, Apéndice del Apelante, págs. 38-39.

No conteste, el BPPR presentó una *Solicitud de Reconsideración* el 26 de febrero de 2025.[12] El escrito judicial fue denegado por el TPI, quien notificó su determinación el 7 de marzo de 2025.[13] Insatisfecho aún, el BPPR acudió oportunamente a este foro y planteó la comisión del siguiente error:

> **ERRÓ EL TPI AL DICTAR SENTENCIA DESETIMANDO LA DEMANDA CON PERJUICIO, BAJO EL FUNDAMENTO DE QUE EL COBRO DE DINERO CONTRA LOS MIEMBROS DE LA SUCESION DE MANUEL BARRIO VIEL DEBE SER ATENDIDO EN EL PLEITO ORIGINAL RADICADO CONTRA ÉSTE EN EL CASO CIVIL JCD2011-1252.**

Ambos apelados presentaron sendos escritos en oposición, el 11 y el 15 de abril de 2025. Con el beneficio de sus comparecencias, procedemos a resolver.

**II.**

**A.**

El Tribunal Supremo de Puerto Rico ha expresado que el procedimiento de ejecución de sentencia "le imprime continuidad a todo proceso judicial que culmina con una sentencia". *Mun. San Juan v. Prof. Research*, 171 DPR 219, 247-248 (2007). No obstante, cuando el obligado incumple con los términos del dictamen, resulta necesario recurrir a la ejecución forzosa de la sentencia. *Id.*, pág. 248;[14] véase, R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil*, 5ta ed., San Juan, LexisNexis de Puerto Rico, 2010, sec. 6301, pág. 567.

Es sabido que, como norma general, las sentencias se ejecutan en el tribunal de origen; es decir, en el tribunal que dictó la sentencia que se pretende ejecutar. *Igaravidez v. Ricci*, 147 DPR 1, 7 (1998). A esos efectos, la Regla 51.1 de Procedimiento Civil, 32 LPRA Ap. V, dispone que la parte a cuyo favor se dictó una sentencia puede

---

[12] Véase, Apéndice del Apelante, págs. 40-43.
[13] Véase, Apéndice del Apelante, págs. 49-50.
[14] Citando a R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil*, San Juan, Ed. Michie de P.R., 1997, Cap. 63, pág. 453.

ejecutarla dentro de los cinco años de ésta ser firme. Transcurrido dicho término, la sentencia podrá ejecutarse mediante autorización del foro sentenciador, previa solicitud del promovente y notificación a todas las partes. *Id.*; *Mun. San Juan v. Prof. Research, supra*, pág. 248.

Claro está, **de manera excepcional**, nuestro máximo foro judicial ha establecido que **la parte a cuyo favor se dictó una sentencia puede presentar un pleito independiente para ejecutarla**. *Mun. San Juan v. Prof. Research, supra*, pág. 248, que cita a *Quiñones v. Jiménez Conde*, 117 DPR 1, 8 (1986). Se ha validado la excepción porque, **en los casos de sentencias que le imponen a una persona el deber de satisfacer una suma de dinero, surge un nuevo crédito que se puede reclamar por la vía judicial**. *Mun. San Juan v. Prof. Research, supra*, pág. 248; *Rodríguez v. Martínez*, 68 DPR 450, 453 (1948).

**B.**

Las estipulaciones son admisiones judiciales que implican un desistimiento formal de cualquier contención contraria a ellas. *Rivera Menéndez v. Action Services*, 185 DPR 431, 439 (2012); *Mun. de San Juan v. Prof. Research, supra*, pág. 238. Éstas "persigue[n] evitar dilaciones, inconvenientes y gastos y su uso debe alentarse para lograr el propósito de hacer justicia rápida y económica". *P.R. Glass Corp. v. Tribunal Superior*, 103 DPR 223, 230 (1975). Por ello, las estipulaciones son favorecidas porque simplifican la solución de las controversias jurídicas.[15] *Díaz Ayala et al. v. E.L.A.*, 153 DPR 675, 693 (2001). En nuestra jurisdicción, se han reconocido tres clases de estipulaciones: (1) las que constituyen admisiones de hechos y dispensan del requisito de probarlos; (2) **las que reconocen**

---

[15] Las estipulaciones se consideran herramientas esenciales en las etapas iniciales del proceso judicial y su uso es promovido por las Reglas de Procedimiento Civil. A modo de ejemplo, las Reglas 37.2, 37.4 y 37.5 de Procedimiento Civil, 32 LPRA Ap. V. Véase, *Rivera Menéndez v. Action Services*, 185 DPR 431, 439 (2012).

**derechos y tienen el alcance de una adjudicación**; y (3) las que proponen determinado curso de acción. *Rivera Menéndez v. Action Services, supra*, pág. 439; *Mun. de San Juan v. Prof. Research, supra*, pág. 238; *P.R. Glass Corp. v. Tribunal Superior, supra*, pág. 230. De ordinario, el tribunal debe aceptar los convenios y las estipulaciones que las partes presenten. *Rodríguez Rosado v. Zayas Martínez*, 133 DPR 406, 410 (1993). Una vez se imparte aprobación a una estipulación, mediante la cual se pone término a un pleito o se resuelve un incidente dentro éste, ésta obliga a las partes y tiene el efecto de cosa juzgada. *Id.*

Ahora bien, las estipulaciones no son sinónimo de un contrato de transacción, a menos que satisfagan sus elementos esenciales;[16] esto es, que las partes culminen un litigio o un aspecto de éste mediante concesiones recíprocas. *Mun. San Juan v. Prof. Research, supra*, pág. 241. En ausencia de concesiones recíprocas, no existe un contrato de transacción, sino una estipulación. *Id.*

**III**.

En la presente causa, el BPPR plantea que el TPI incidió al desestimar la reclamación dineraria independiente, para que se atienda en el pleito original. Nos persuade.

Según reseñamos, el BPPR y el causante Barrio Viel, por conducto de su apoderado Barrio Huertas, culminaron el pleito JCD2011-1252 sobre cobro de dinero, por virtud de una *Estipulación para que se dicte Sentencia y sobre el pago de la misma*. Entre los acuerdos, mediante el apoderado Barrio Huertas, su padre reconoció la deuda de tres tarjetas de crédito y se obligó a satisfacer una cláusula penal de $2,500.00, si incurría en el incumplimiento del

---

[16] Los elementos constitutivos de un contrato de transacción son: (1) una relación jurídica incierta y litigiosa; (2) la intención de los contratantes de componer el litigio y sustituir la relación dudosa por otra cierta e incontestable, y (3) las recíprocas concesiones de las partes. Art. 1709 del Cód. Civil de 1930 (derogado), 31 LPRA ant. sec. 4821. Además, refiérase a los Artículos del 1497 al 1504 del Código Civil de 2020, 31 LPRA secs. 10641-10648.

plan de pago acordado. A este arreglo el TPI le impartió autorización judicial, mediante la *Sentencia* de 23 de febrero         de 2012.

De otro lado, la parte apelada alega que los términos pactados "se alejaron sustancialmente de las estipulaciones presentadas ante el Tribunal"[17] y sin su aval. No obstante, la postura de la parte apelada es que los procedimientos deben continuar en el pleito JCD2011-1252, luego de un proceso de sustitución de partes.

Si bien la Regla 51.1 de Procedimiento Civil, *supra,* sirve como mecanismo disponible para que el acreedor satisfaga el dictamen final y firme a su favor; en este caso, convergen circunstancias particulares que justifican que, por excepción, el procedimiento judicial se dilucide en una acción independiente. Recuérdese que, en los casos de cobro de dinero, de manera excepcional, surge un nuevo crédito que se puede reclamar por la vía judicial. Por lo tanto, la parte favorecida por una sentencia puede presentar un caso independiente para ejecutarla. En la causa de autos, como parte de su reclamación civil, el BPPR interpeló a los herederos a expresarse sobre la aceptación o repudiación de la herencia de su causante.[18] Además, frente a las imputaciones de incumplimiento de pago sujetas a ejecución, la parte apelada hizo alegaciones sobre la novación de las estipulaciones. Lo anterior favorece que opere la excepción invocada.

En suma, estimamos que el TPI incidió al desestimar el pleito con perjuicio, amparándose en que se dirimieran los procedimientos en el caso JCD2011-1252, cuya última notificación se remonta al año 2013. Por consiguiente, resolvemos que el BPPR está facultado para ejecutar su sentencia mediante el pleito independiente del título.

---

[17] Véase, Apéndice del Apelante, pág. 9.
[18] Véase, Artículo 1578 del Código Civil de 2020, 31 LPRA sec. 11021.

## IV.

Por los fundamentos expuestos, los cuales hacemos formar parte de este dictamen, se revoca la *Sentencia* apelada. En consecuencia, se devuelve el caso del epígrafe ante la consideración del Tribunal de Primera Instancia, Sala Superior de Ponce, para la continuación de los procedimientos.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones